UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-21203-COOKE/GOODMAN

MARIA MCSWAIN,

    Plaintiff,

v.

WORLD FUEL SERVICES
CORPORATION,

    Defendant.

_____/

### DEFENDANT WORLD FUEL SERVICES CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, WORLD FUEL SERVICES CORPORATION ("Defendant" or "WFS"), by and through its undersigned counsel, and pursuant to Rule 7.1(c) of the Local Rules for the United States District Court for the Southern District of Florida, hereby files this Response in Opposition to Plaintiff's, MARIA MCSWAIN ("Plaintiff"), Motion for Summary Judgment [D.E. 31], and in support states as follows:

### INTRODUCTION

Plaintiff filed her Complaint on March 19, 2020. *See* [D.E. 1, *generally*]. On October 9, 2020, Defendant timely filed its Motion for Leave to Amend its Affirmative Defenses and Add a Counterclaim. [D.E. 23]. On October 23, 2020, Plaintiff put forth unpersuasive arguments in a Response to Defendant's Motion for Leave to Add its Counterclaim. [D.E. 29]. On October 23, 2020, Plaintiff also filed an untimely and premature Motion for Leave Amend the Complaint. [D.E. 30]. On October 23, 2020, Plaintiff also prematurely filed a Motion for Summary Judgment ("Motion"), to which the Defendant now responds. Plaintiff's Motion is based on the causes of

action contained in Defendant's Counterclaim, which has not even been filed yet. Plaintiff's argues to no avail that she is entitled to summary judgment on Defendant's Counterclaim based on Florida's Anti-Strategic Lawsuits Against Public Participation ("Anti-SLAPP") statute. However, Defendant's Counterclaim is not "without merit" and it was not brought because Plaintiff filed her lawsuit. Accordingly, Plaintiff's premature Motion for Summary Judgment must be denied.

## ARGUMENT

**I.  This Court Should Deny Plaintiff's Motion for Summary Judgment as Moot, because the Motion is Premature.**

Defendant filed its Motion for Leave to Add its Counterclaim, which this Court has not yet ruled upon. [D.E. 23]. Thus, Defendant's Counterclaim has not been deemed filed as of yet. Critically, this Court cannot grant any motion for summary judgment based on a proposed Counterclaim that has not yet been filed. Therefore, Plaintiff's Motion for Summary Judgement should be denied as moot, as it is prematurely based on Defendant's Counterclaim, which is still pending before the Court.

**II. Plaintiff Has Not Met Her Burden of Demonstrating that Florida's Anti-SLAPP Statute Applies at All in this Case.**

Florida's Anti-SLAPP statute prohibits a person from filing a suit that is (a) "without merit" and (b) "primarily" because the person against whom the suit was filed "exercised the constitutional right of free speech in connection with a public issue . . . ." Fla. Stat. § 768.295(3). The Florida legislature enacted the statute to deter such suits, finding they are "inconsistent" with the constitutional right of free speech—the preservation of which is a "fundamental state policy[.]" *Id.* § 768.295(1). Plaintiff "has the initial burden of presenting a prima facie case that the Anti-SLAPP statute applies. The burden then shifts to the [defendant] to demonstrate that the claims are not 'primarily' based on First Amendment rights in connection with a public issue and not 'without

2

merit.'" *Wentz v. Project Veritas*, No. 6:17-cv-1164-Orl-18GJK, 2019 WL 910099, at *3 (M.D. Fla. Feb. 22, 2019) (internal quotations omitted).

Here, Plaintiff has not met her burden that the Florida Anti-SLAPP statute applies, as Defendant's Counterclaim claims falls outside the scope of Florida's Anti-SLAPP statute. *See* Fla. Stat. § 768.295. Plaintiff cannot show any "[f]ree speech in connection with public issues" at issue in this case. The statute narrowly defines that term to include only two categories of speech: "statement[s] ... [1] made before a governmental entity . . . , or . . . [2] made in or in connection with a play, movie, television program, radio broadcast, audiovisual work, book, magazine article, musical work, news report, or other similar work." Fla. Stat. § 768.295(2)(a). None of the other grounds for invoking the statute apply, such as "petition for redress of grievances," "peaceful assembly," or "instruction of representatives of government." Defendant's Counterclaim is not based on any such rights, as defined, let alone was the Counterclaim ever filed "primarily" because of an exercise of those rights. Fla. Stat. § 768.295(a)(3).

Plaintiff has offered no evidence or persuasive arguments that Defendant's Counterclaim is "without merit" or was filed "primarily" because Plaintiff engaged in any First Amendment right. The Declarations of Patricia Ojeda and Thomas Jarrard do not dispute the facts that Plaintiff made multiple misrepresentations, received benefits which exceeded WFS's legal obligations, and sought new employment, while she was on leave. *See* [D.E. 31-1,2]. Defendant's Counterclaim is solely based on the misrepresentations Plaintiff made to Defendant that she fully intended to return to work while continuing to receive and accept her full compensation and benefits while she was on leave. *See* [D.E. 23] at Ex. A. Moreover, Defendant adequately alleged causes of action for unjust enrichment, quantum meruit, negligent misrepresentation, and fraud in the inducement in its Counterclaim. *See id*; [D.E. 38]. Thus, Defendant's Counterclaim is not "without merit." *See*

3

Florida Statute § 768.295(3). Further, Defendant did not bring its Counterclaim "primarily" because Plaintiff exercised her First Amendment rights, but because Plaintiff is guilty of unjust enrichment, quantum meruit, negligent misrepresentation, and fraud in the inducement. *See id.* Notably, Plaintiff cannot claim that Defendant's Counterclaim is "without merit," when she has not denied nor disputed any of the facts alleged in Defendant's Counterclaim.

Although Plaintiff generally cites to cases about how the constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances, Plaintiff has not provided a single Florida Anti-SLAPP case analyzing a protected activity in the context of "petition for redress of grievances." *See Hanson v. Ruskin*, No. 16-24836-Civ-Scola, 2018 WL 344955 at *2 (S.D. Fla. Jan. 9, 2018) (Generally, a "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.") (*quoting Phillips v. Hillcrest Medical Center*, 244 F.3d 790, 800 n. 10 (10th Cir. 2001). Other than Plaintiff's conclusory arguments, unsupported by case law, Plaintiff cannot meet her burden that Florida's Anti-SLAPP statute applies at all to this case.

Thus, Plaintiff is not entitled to recover any attorneys' fees or costs. Plaintiff has not even cited to any cases to support an award of attorneys' fees under Florida's Anti-SLAPP statute. Just as this Court noted in *Berisha v. Lawson*, 378 F. Supp. 3d 1145, 1157, n. 8 (S.D. Fla. 2018), the cases Plaintiff cite in support of her request for a hearing, for her Motion to be expedited, and for the Court to award her attorneys' fees "do not establish that the SLAPP Statute must be applied here." *Id.* This Court found in *Berisha* "that the stated purpose of the SLAPP Statute–the 'expeditious resolution' of certain defamation claims . . . – would not be furthered by holding a hearing at this juncture." *Id.* (denying as moot defendants' request for expedited consideration of

4

their motion for summary judgment and an award of attorney's fees under Florida's Anti-SLAPP act, as defendants did not incur costs in connection with a claim that an action was filed in violation of the statute). As such, Plaintiff's requests for a hearing, for her Motion to be expedited, and for attorneys' fees should be all be denied, as Plaintiff has failed to demonstrate that the Anti-SLAPP statute even applies in this case.

### III. Plaintiff Incorrectly Argues that Defendant's Counterclaim is Purportedly Preempted by USERRA, when Defendant's Counterclaim is Based Solely on State Law, not USERRA.

Just as in her unavailing Response to Defendant's Motion for Leave Add its Counterclaim [D.E. 29] and in her premature Motion for Leave to Amend [D.E. 30], Plaintiff cites to numerous inapplicable USERRA provisions in her Motion for Summary Judgment on Defendant's Counterclaim, which is based on state law and not USERRA. Plaintiff's argument that Defendant's Counterclaim seeks damages that it cannot obtain under USERRA is unavailing, because Defendant's Counterclaim and damages sought thereunder is based solely on state law, not USERRA. Nowhere in Defendant's proposed Counterclaim does Defendant seek any damages from Plaintiff under USERRA, but rather Defendant seeks damages based on its state law claims.

Plaintiff also has failed to set forth even one case to support her conclusory argument that Defendant's Counterclaim was brought purportedly because Plaintiff engaged in a protected activity. Plaintiff has not provided any case law to support her proposition that Defendant purportedly has to obtain discovery responses in order to bring a Counterclaim or that Defendant's Counterclaim was allegedly primarily due to Plaintiff's alleged protected activity just because Plaintiff failed to do research and find causes of action against former WFS employees. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not

5

sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."). Critically, Plaintiff has set forth nothing but mere speculation and unsupported generalizations in her Motion for Summary Judgment and it should be denied.

## CONCLUSION

As explained above, Plaintiff's Motion for Summary Judgment based on Defendant's Counterclaim is premature, as Defendant's Counterclaim has not been filed yet. Plaintiff has not set forth any relevant arguments or legal authority to support that Florida's Anti-SLAPP statute even applies in this case. Moreover, Defendant's Counterclaim is not "without merit," as Defendant sufficiently alleged plausible causes of action within the Counterclaim and Plaintiff has not disputed nor denied the facts contained in the Counterclaim. Further, Defendant's Counterclaim was not brought "primarily" because of Plaintiff filing her lawsuit, but rather the state law claims in Defendant's Counterclaim arose out of the misrepresentations Plaintiff made and the benefits conferred upon her while she was on leave, as stated in the Counterclaim. As such, Plaintiff's Motion for Summary Judgment should be denied.

WHEREFORE, Defendant, World Fuel Services Corporation, respectfully requests this Court enter an Order Denying Plaintiff's Motion for Summary Judgment.

Dated this 6th day of November, 2020　　　　　　　　　Respectfully submitted,

                                                                 LYDECKER | DIAZ
*Counsel for Defendants*
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Tel.: (305) 416-3180
Fax: (305) 416-3190

By:　　*/s/ Alan Persaud, Esq.*
      Margaret H. Mevers (FBN: 726184)
      mhm@lydeckerdiaz.com
      Alan Persaud (FBN: 1009883)
      apersaud@lydeckerdiaz.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 6, 2020, I electronically served the foregoing to: Matthew Z. Crotty, Esq., Crotty & Son Law Firm, PLLC, matt@crottyandson.com, Thomas G. Jarrard, Esq. Law Office of Thomas G. Jarrard, PLLC, tjarrard@att.net, John David Agnew, Boy Agnew Potanovic, PLLC, johna@bapfirm.com.

*/s/ Alan Persaud, Esq.*
Alan Persaud, Esq.