UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-CV-21203-Cook/Goodman

MARIA McSWAIN,

    Plaintiff,

v.

WORLD FUEL SERVICES
CORPORATION,

    Defendant.

### PLAINTIFF'S MOTION TO AMEND REPLY BRIEF

Defendant's response to Plaintiff's motion to amend elevates form over substance, ignores the concept of time, and wrongly argues that for a retaliation claim to arise the plaintiff must be subject to an employment action. Since that is the case, Plaintiff's motion to amend should be granted.

Defendant first argues that Plaintiff's motion to amend is premature because Defendant hasn't technically "filed" its motion to amend. (Dkt. 40, p.2) True. But irrelevant. Either way Defendant has publicly and officially asked the Court to allow Defendant to subject Plaintiff to legal liability under four baseless legal theories.[1] Since it "is an enjoinable unfair labor practice to prosecute a baseless lawsuit with the intent of retaliating" it follows that same principle applies in the context of a party asking a court for permission to prosecute a baseless lawsuit which is the case here. *See Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 744 (1983).

Defendant then argues that Plaintiff's "premature" motion to amend is untimely because it came after the October 9, 2020, Motion to Amend deadline. (Dkt. 40, p.3) True. But also

---

[1] The baselessness of Defendant's proposed claims against Plaintiff are set out in Plaintiff's motion to amend response brief. *See* Dkt. 29.

1

irrelevant. Defendant did not seek leave to sue Plaintiff until October 9, 2020. (Dkt. 23) As a matter of commonsense Plaintiff's retaliation claim didn't become ripe until Defendant (on October 9, 2020) actually filed its baseless counterclaim. Two weeks later – and months before the close of discovery and before a single deposition has been taken in this case – Plaintiff moved to amend her complaint to assert the USERRA retaliation claim. (Dkt. 30) This is not an "eleventh hour" amendment. There is no prejudice. And the fact that Defendant informed Plaintiff a few days before October 9, 2020, that it was intending to file the (baseless) claims doesn't militate against "good cause" as Plaintiff did not know that Defendant would follow through on its threat until October 9, 2020. A "court may grant [a] late-filed motion if the pretrial schedule could not reasonably have been met despite [the party's] diligence" and this court should do so here as Plaintiff could not have reasonably alleged a retaliatory lawsuit until after Defendant sought court permission to file that lawsuit and Plaintiff diligently sought leave to amend within weeks of that filing. *Nobles v. Rural Cmty. Ins. Servs.*, 303 F. Supp. 2d 1279, 1284 (M.D. Ala. 2004).

Defendant then argues that Plaintiff's motion to amend is "futile" because Plaintiff fails to allege (a) an "adverse employment action", (b) "retaliatory motive", and (c) that Plaintiff fails to establish a causal connection. (Dkt. 40, pg. 4-8) Those arguments fail.

***First***, the USERRA "is very similar to Title VII." *Staub v. Proctor Hosp.*, 562 U.S. 411, 417 (2011). To that end, USERRA retaliation claims are analyzed in the context of Title VII retaliation claims. *See Lambert v. United Parcel Serv., Inc.*, 266 F. Supp. 3d 1369, 1372, n.1 (M.D. Fla. 2017)(*citing Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007) (internal citation omitted) (articulating elements in context of Title VII claim)). An "adverse employment action" in the context of a Title VII retaliation claim is an act that "well might have dissuaded a reasonable worker from making...a charge of discrimination." *Lambert,* 266 F. Supp. 3d at 1372 (*quoting Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). Being sued by your

former employer is an act that would reasonably dissuade a worker from filing a charge of discrimination or a USERRA lawsuit. *See Sanchez v. Deloitte Servs., LP*, 2019 WL 5555541, at *6 (M.D. Tenn. Oct. 28, 2019)(*citing Lambert* and denying motion to dismiss USERRA retaliation claim based on defendant's state court lawsuit against former employee who sued former employer for USERRA violations).  Here Plaintiff states a claim for retaliation since the initiation of a baseless counterclaim would dissuade a person from initiating a USERRA lawsuit.

**Second**, a USERRA retaliation claim does not require proof of "retaliatory motive."  USERRA's anti-retaliation statute provides in relevant part that:

An employer shall be considered to have engaged in actions prohibited –

. . .

(A)     ***action to enforce a protection afforded any person under this chapter***, (B) testimony or making of a statement in or in connection with any proceeding under this chapter, (C) assistance or other participation in an investigation under this chapter, or (D) exercise of a right provided for in this chapter, ***is a motivating factor in the employer's action***, unless the employer can prove that the action would have been taken in the absence of such person's enforcement action, testimony, statement, assistance, participation, or exercise of a right. 38 U.S.C. § 4311(c)(2).

Plaintiff sued Defendant, which is an "action to enforce" USERRA, and Plaintiff must show the adverse employment action (here the retaliatory lawsuit) was "a motivating factor." *See supra*. Nothing in USERRA's text requires proof or pleading of "a retaliatory motive."

**Third,** temporal proximity is not the only way in which a retaliation claim is established. *See Johnson v. Miami-Dade Cty.*, 948 F.3d 1318, 1325–26 (11th Cir. 2020)(noting Title VII retaliation claim can be based on comparator evidence). Here Plaintiff pleads that her former co-worker (Patricia Ojeda) engaged in the exact type of conduct of which Defendant accused Plaintiff (a) telling Defendant that she would return to work (b) changing her mind (c) getting paid benefits by Defendant but (d) not suing Defendant (and therefore not getting countersued by Defendant) whereas Plaintiff did everything Ms. Ojeda did except that Plaintiff sued Defendant who, in turn,

sued Plaintiff but not Ms. Ojeda. (Dkt. 30-1, ¶104). This is classic comparator evidence courts recognized in similar contexts a la the "proper comparators for Plaintiff's retaliation claim are individuals who made EEOC charges of discrimination and were not later fired, even though they engaged in conduct similar to that of the plaintiff." *Glass v. Supreme Beverage Co.*, No. 2:10-CV-00470-LSC, 2012 WL 13048225, at *2 (N.D. Ala. Feb. 3, 2012).

Plaintiff's motion should be granted.

Dated on November 10, 2020.

                    Respectfully submitted,

                    *//s// John D. Agnew*
JOHN D. AGNEW
BOY AGNEW POTANOVIC, PLLC
4414 Metro Parkway, Ste. 110
Fort Myers, FL 33916
Telephone: 239-208-6500
Email: johna@bapfirm.com

                    *//s// Matthew Z. Crotty*
MATTHEW Z. CROTTY, *Pro Hac Vice*
CROTTY & SON LAW FIRM, PLLC
905 West Riverside, Suite 404
Spokane, WA 99201-0300
Telephone: 509-850-7011
Email: matt@crottyandson.com

                    *//s//  Thomas G. Jarrard*
THOMAS G. JARRARD, *Pro Hac Vice*
LAW OFFICE OF THOMAS G. JARRARD
1020 N. Monroe St.
Spokane, WA 99201
Telephone: 425-239-7290
Email: tjarrard@att.net

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on November 10, 2020, I caused the forgoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the all counsel of record.

I certify that I have caused to be transmitted via U.S. Mail or email the document to the following non-CM/ECF participant/s: None

/s/ *John D. Agnew*
JOHN D. AGNEW
BOY AGNEW POTANOVIC, PLLC
4414 Metro Parkway, Ste. 110
Fort Myers, FL 33916
Telephone: 239-208-6500
Email: johna@bapfirm.com