**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-21203-COOKE/GOODMAN**

**MARIA MCSWAIN,**

     **Plaintiff,**

**v.**

**WORLD FUEL SERVICES**
**CORPORATION,**

     **Defendant.**

_____/

### DEFENDANT WORLD FUEL SERVICES CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, WORLD FUEL SERVICES CORPORATION ("Defendant" or "WFS"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses and Counterclaim to Plaintiff's, MARIA MCSWAIN ("Plaintiff" or "McSwain"), Amended Complaint and states as follows:

### NATURE OF THE CASE

1.    Defendant admits that Plaintiff purports to bring this action pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), but denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint for Violations of USERRA (the "Complaint").

2.    Defendant admits Plaintiff purports to seek relief under USERRA, but denies Plaintiff is entitled to any relief whatsoever.

**JURISDICTION AND VENUE**

3.      Admitted for jurisdictional purposes only; however, Defendant denies Plaintiff is entitled to any relief whatsoever.

4.      Admitted for jurisdictional purposes only; however, Defendant denies Plaintiff is entitled to any relief whatsoever and denies the allegations contained in Paragraph 4 of the Amended Complaint.

**PARTIES**

5.      Defendant admits that Plaintiff has worked for WFS since 2015.  Defendant lacks information and knowledge as to the truth or falsity of the remainder of the allegations contained in Paragraph 5 of the Amended Complaint, and therefore denies the same.

6.      Defendant denies that it contracts directly with the federal government, however, Defendant admits that certain of its wholly-owned subsidiaries do.  Defendant admits the remainder of the allegations in Paragraph 6 of the Amended Complaint.

**FACTS**

7.      Defendant admits Plaintiff was hired with a discretionary bonus with a 10% target bonus.   Defendant admits the remainder of the allegations in Paragraph 7 of the Amended Complaint.

8.      Defendant admits the allegations in Paragraph 8 of the Amended Complaint.

9.      Defendant admits that Mr. Kasbar is currently aware that Plaintiff is a military reservist, but denies the remainder of the allegations in Paragraph 9 of the Amended Complaint.

10.      Defendant admits that Mr. Kasbar is currently aware that Ms. McSwain has filed the Complaint, but denies the remainder of the allegations in Paragraph 10 of the Amended Complaint.

11.     Defendant denies the allegations in Paragraph 11 of the Amended Complaint.

12.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 12 of the Amended Complaint, and therefore denies them.

13.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 13 of the Amended Complaint, and therefore denies them.

14.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 14 of the Amended Complaint, and therefore denies them.

15.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 15 of the Amended Complaint, and therefore denies them.

16.     Defendant denies that compensation review requests are normal and routinely granted.  Defendant lacks information and knowledge as to the truth or falsity of the remainder of the allegations contained in Paragraph 16 of the Amended Complaint, and therefore denies them.

17.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 17 of the Amended Complaint, and therefore denies them.

18.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 18 of the Amended Complaint, and therefore denies them.

19.     Defendant admits that Total Rewards was led by Nicole Turner and located in the same building where Plaintiff works. Defendant denies the remainder of the allegations in Paragraph 19 of the Amended Complaint.

20.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 20 of the Amended Complaint, and therefore denies them.

21.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 21 of the Amended Complaint, and therefore denies them.

22.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 22 of the Amended Complaint, and therefore denies them.

23.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 23 of the Amended Complaint, and therefore denies them.

24.     Defendant denies that it contracts directly with the federal government, however, Defendant admits that certain of its wholly-owned subsidiaries do.

25.     Defendant denies the allegations in Paragraph 25 of the Amended Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Amended Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Amended Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Amended Complaint.

29.     Defendant admits that WFS creates budgets and records operating expenses, but denies the remainder of the allegations contained in Paragraph 29 of the Amended Complaint.

30.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 30 of the Amended Complaint, and therefore denies them.

31.     Defendant admits that Plaintiff sent an email to Nicole Turner and Bernardo Buraglia on November 16, 2016 containing the text set forth above, but denies the remainder of the allegations in Paragraph 31 of the Amended Complaint.

32.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 32 of the Amended Complaint, and therefore denies them.

33.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 33 of the Amended Complaint, and therefore denies them.

34.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 34 of the Amended Complaint, and therefore denies them.

35.     Defendant lacks information and knowledge as to the truth or falsity of the allegations in Paragraph 35 of the Amended Complaint, and therefore denies them.

36.     Defendant lacks information and knowledge as to the truth or falsity of the allegations concerning Mr. Buraglia in the first sentence of Paragraph 36 of the Amended Complaint, and therefore denies them.  Defendant admits that Mr. Gavsie had a discussion with Plaintiff to discuss her dissatisfaction with not being promoted and her dissatisfaction with her supervisor, Mr. Buraglia. Defendant denies the remainder of the allegations in Paragraph 36 of the Amended Complaint.

37.     Defendant lacks information and knowledge as to the truth or falsity of the allegations in Paragraph 37 of the Amended Complaint, and therefore denies them.

38.     Defendant lacks information and knowledge as to the truth or falsity of the allegations in Paragraph 38 of the Amended Complaint, and therefore denies them.

39.     Defendant denies the allegations in Paragraph 39 of the Amended Complaint.

40.     Defendant lacks information and knowledge as to the truth or falsity of the allegations in Paragraph 40 of the Amended Complaint, and therefore denies them.

41.     Defendant lacks information and knowledge as to the truth or falsity of the allegations in Paragraph 41 of the Amended Complaint, and therefore denies them.

42.     Defendant denies the allegations in Paragraph 42 of the Amended Complaint.

43.     Defendant lacks information and knowledge as to the truth or falsity of the allegations in Paragraph 43 of the Amended Complaint, and therefore denies them.

44.     Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

45.     Admitted.

46.     Defendant admits that Plaintiff returned from leave on or about August 28, 2017 and that she reported to Michael Kasbar at that time.  Defendant lacks information and knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 46 of the Amended Complaint, and therefore denies them.

47.     Defendant denies the allegations in Paragraph 47 of the Amended Complaint.

48.     Defendant admits that Palacio did not request a spot bonus for Plaintiff, but denies the remainder of the allegations in Paragraph 48 of the Amended Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Amended Complaint.

50.     Defendant admits that from February through September 2018, Plaintiff took approximately 16 days of military leave.  Defendant lacks information and knowledge as to the truth or falsity of the remainder of the allegations in Paragraph 50 of the Amended Complaint, and therefore denies them.

51.     Defendant denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Amended Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Amended Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Amended Complaint.

55.     Defendant lacks information and knowledge as to the truth or falsity of the allegations in Paragraph 55 of the Amended Complaint, and therefore denies them.

56.     Defendant states the allegations in Paragraph 56 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint.

57.     Defendant lacks information and knowledge as to the truth or falsity of the allegations in Paragraph 57 of the Amended Complaint, and therefore denies them.

6

58.     Defendant lacks information and knowledge as to the truth or falsity of the allegations in Paragraph 58 of the Amended Complaint, and therefore denies them.

59.     Defendant lacks information and knowledge as to the truth or falsity of the allegations in Paragraph 59 of the Amended Complaint, and therefore denies them.

60.     Defendant lacks information and knowledge as to the truth or falsity of the allegations in Paragraph 60 of the Amended Complaint, and therefore denies them.

61.     Defendant denies the allegations in Paragraph 61 of the Amended Complaint.

62.     Defendant admits that the individuals identified in the table in Paragraph 62 of the Amended Complaint (with the exception of Plaintiff) were among a group of individuals in the Human Resources Department selected for salary increases and/or promotions as part of a retention exercise conducted in September 2018.   Defendant denies the remainder of the allegations contained in Paragraph 62 of the Amended Complaint, including the information set forth in Plaintiff's table.

63.     Defendant lacks information and knowledge as to the truth or falsity of the allegations in Paragraph 63 of the Amended Complaint, and therefore denies them.

64.     Defendant denies the allegations in Paragraph 64 of the Amended Complaint.

65.     Defendant denies the allegations in Paragraph 65 of the Amended Complaint.

66.     Defendant denies the allegations in Paragraph 66 of the Amended Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Amended Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Amended Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Amended Complaint.

70.     Defendant denies the allegations in Paragraph 70 of the Amended Complaint.

7

71.     Defendant admits that in 2019, Plaintiff requested a compensation adjustment from Ms. Palacio and Casadeval.  Defendant denies the remaining allegations in Paragraph 71 of the Amended Complaint.

72.     Defendant denies the allegations in Paragraph 72 of the Amended Complaint.

73.     Defendant admits that Plaintiff met with Mr. Casadeval to discuss her compensation and the compensation of Karla Lorenzo in or about September 2019, and that Plaintiff referenced her MBA and her purported increased job responsibilities as compared to her purported peers, but denies the remainder of the allegations in Paragraph 73 of the Amended Complaint.

74.     Defendant admits that on or about November 13, 2019, Plaintiff submitted a complaint alleging discrimination on the basis of her military status, and Defendant denies the remainder of the allegations in Paragraph 74 of the Amended Complaint.

75.     Defendant denies the allegations in Paragraph 75 of the Amended Complaint.

76.     Defendant denies the allegations in Paragraph 76 of the Amended Complaint as phrased.

77.     Defendant admits that Plaintiff sent the email quoted in Paragraph 77 of the Amended Complaint to Mike Lundberg on December 4, 2019, and denies the remainder of the allegations in Paragraph 77 of the Amended Complaint.

78.     Defendant denies the allegations in Paragraph 78 of the Amended Complaint.

79.     Defendant denies the allegations in Paragraph 79 of the Amended Complaint.

80.     Defendant denies the allegations in Paragraph 80 of the Amended Complaint.

81.     Defendant admits the allegations in Paragraph 81 of the Amended Complaint.

82.     Defendant denies the allegations in Paragraph 82 of the Amended Complaint.

83.     Defendant admits that on or about December 10, 2019, Mr. Casadeval and Mr. Atkinson met with Plaintiff, and that Mr. Casadeval informed Plaintiff at this meeting that the Company found no evidence that Plaintiff had been denied a pay increase or promotion, or otherwise discriminated against, on the basis of her military status.   Defendant denies the remainder of the allegations in Paragraph 83 of the Amended Complaint.

84.     Defendant denies the allegations in Paragraph 84 of the Amended Complaint.

85.     Defendant admits that during the December 2019 meeting, Mr. Casadevall gave Plaintiff the choice of continuing to report to Ms. Palacio or instead reporting to Mr. Atkinson. Defendant denies the remainder of the allegations in Paragraph 85 of the Amended Complaint.

## COUNT I

86.     Defendant restates and incorporates by reference herein its answers to Paragraphs 1 through 85 above.

87.     Defendant states the allegations in Paragraph 87 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 87 of the Amended Complaint.

88.     Defendant admits that Plaintiff provided her supervisor notice that she had been called for military service in or about October 2018, and denies the remainder of the allegations contained in Paragraph 88 of the Amended Complaint.

89.     Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 89 of the Amended Complaint, and therefore denies them.

90.     Defendant admits that Plaintiff's total leave of absence for service in the military during October 2018 was less than 5 years.  Defendant lacks information and knowledge as to the

truth or falsity of the remainder of the allegations contained in Paragraph 90 of the Amended Complaint, and therefore denies them.

91.     Defendant denies the allegations in Paragraph 91 of the Amended Complaint.

92.     Defendant states the allegations in Paragraph 92 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 92 of the Amended Complaint.

93.     Defendant states the allegations in Paragraph 93 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 93 of the Amended Complaint.

94.     Defendant denies the allegations in Paragraph 94 of the Amended Complaint.

95.     Defendant denies the allegations in Paragraph 95 of the Amended Complaint.

## COUNT II

96.     Defendant restates and incorporates by reference herein its answers to Paragraphs 1 through 85 above.

97.     Defendant states the allegations in Paragraph 97 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 97 of the Amended Complaint.

98.     Defendant denies the allegations in Paragraph 98 of the Amended Complaint.

99.     Defendant denies the allegations in Paragraph 99 of the Amended Complaint.

## COUNT III

100.    Defendant restates and incorporates by reference herein its answers to Paragraphs 1 through 85 above.

101.    Defendant states the allegations in Paragraph 101 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 101 of the Amended Complaint.

102.    Defendant admits insofar that Plaintiff filed this lawsuit on March 19, 2020, but Defendant denies Plaintiff is entitled to any relief whatsoever. Defendant denies the remainder of the allegations in Paragraph 102 of the Amended Complaint.

103.    Defendant denies the allegations in Paragraph 103 of the Amended Complaint.

104.    Defendant admits insofar that Patricia Ojeda did not sue WFS for USERRA violations. Defendant further admits Plaintiff sued WFS. Defendant denies the remainder of the allegations in Paragraph 104 of the Amended Complaint.

105.    Defendant denies the allegations in Paragraph 105 of the Amended Complaint.

## **COUNT IV**

106.    Defendant restates and incorporates by reference herein its answers to Paragraphs 1 through 85 above.

107.    Defendant states the allegations in Paragraph 107 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 106 of the Amended Complaint.

108.    Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 108 of the Amended Complaint, and therefore denies them.

109.    Defendant denies the allegations in Paragraph 109 of the Amended Complaint.

110.    Defendant denies the allegations in Paragraph 110 of the Amended Complaint.

111.    Defendant denies the allegations in Paragraph 111 of the Amended Complaint.

## COUNT V

112.    Defendant restates and incorporates by reference herein its answers to Paragraphs 1 through 85 above.

113.    Defendant denies the allegations in Paragraph 113 of the Amended Complaint.

114.    Defendant denies the allegations in Paragraph 114 of the Amended Complaint.

## COUNT VI

115.    Defendant restates and incorporates by reference herein its answers to Paragraphs 1 through 85 above.

116.    Defendant states the allegations in Paragraph 116 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 116 of the Amended Complaint.

117.    Defendant states the allegations in Paragraph 117 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 117 of the Amended Complaint.

118.     Defendant states the allegations in Paragraph 118 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 118 of the Amended Complaint.

119.     Defendant denies the allegations in Paragraph 119 of the Amended Complaint.

120.     Defendant admits that it contributed $2,652.08 to Plaintiff's 401k account in 2017. Defendant denies the remainder of the allegations in Paragraph 120 of the Amended Complaint.

121.     Defendant denies the allegations in Paragraph 121 of the Amended Complaint.

## COUNT VII

122.     Defendant states the allegations in Paragraph 122 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 122 of the Amended Complaint.

123.     Defendant denies the allegations in Paragraph 123 of the Amended Complaint.

124.     Defendant states the allegations in Paragraph 124 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 124 of the Amended Complaint.

125.     Defendant denies the allegations in Paragraph 125 of the Amended Complaint.

126.     Defendant denies the allegations in Paragraph 126 of the Amended Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief and respectfully requests that this Court award Defendant its reasonable fees and costs, and any other relief that the Court deems just and appropriate.  Defendant further denies that any act or omission attributable to it constitutes a violation of USERRA or any other federal, state or local law. Further, Defendant denies that Plaintiff is entitled to any damages or other type of relief.

13

## DENIAL OF FACTS NOT EXPLICITLY ADMITTED

Defendant denies all allegations contained within Plaintiff's Amended Complaint that are not explicitly admitted in this Answer.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and by way of affirmative defenses, Defendant states that it will rely upon the following affirmative defenses, if applicable, and if supported by facts to be determined by appropriate discovery. Defendant reserves the rights, subject to the Court's approval if such approval is required, to amend its Answer, upon further investigation and discovery, to include any additional Affirmative Defenses of which Defendant becomes aware.

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted under USERRA. Specifically, Plaintiff cannot demonstrate any purported adverse employment action occurred because of any alleged protected category or activity under USERRA. Any employment decision related to Plaintiff was made according to Plaintiff's own performance, which is unrelated to Plaintiff's military status and/or alleged protected activity.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant lacked the requisite intent or state of mind to commit the acts alleged, acted at all times reasonably and in good faith based on all relevant facts and circumstances known to Defendant at the time it so acted, and did not act willfully, recklessly, or maliciously. Specifically, Plaintiff is not entitled to liquidated damages because all actions and/or omissions of Defendant were performed in good faith based upon guidance and counsel. Further, Plaintiff was afforded greater benefits for all requisite time off to fulfill her military obligations than required by law. As such, Defendant had reasonable

14

grounds for believing that its conduct was not in violation of USERRA.

Third Affirmative Defense

Plaintiff's alleged damages are barred, in whole or in part, by her own failure to mitigate such alleged damages.

Fourth Affirmative Defense

Defendant should be entitled to an offset for damages, if any, for any income Plaintiff received during the applicable time period.

Fifth Affirmative Defense

Plaintiff's alleged protected category was not the determining or motivating factor in any employment decision with respect to Plaintiff. Specifically, Plaintiff's claims are barred, in whole or in part, because Defendant did not consider Plaintiff's military status in any alleged delay of promotion, failure to promote, demotion, and/or denial of employment benefit, to the extent such decisions were taken before Defendant was aware of Plaintiff's need for military leave and irrespective of Plaintiff's military leave based solely upon Plaintiff's performance history.

Sixth Affirmative Defense

Any alleged comments made by any agent of Defendant, if any, are insufficient to create an inference of discrimination or retaliation. Specifically, Plaintiff's subjective perceptions or beliefs related to any alleged comments and/or conduct of employees or former employees of Defendant do not constitute actionable conduct. Further, Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged comments and/or conduct by employees or former employees of Defendant that were outside the scope of their employment and therefore such conduct cannot be attributed to Defendant.

Seventh Affirmative Defense

15

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any adverse employment action necessary for protection under USERRA. Specifically, any alleged delay of promotion, failure to promote, demotion, and/or denial of employment benefit are not sufficiently adverse or materially adverse to be actionable under USERRA. At all times, Plaintiff was compensated appropriately commensurate with her performance and requisite experience. As such, to the extent Plaintiff's claims are based on trivial harm, Plaintiff has not suffered any adverse employment action.

## Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, as Plaintiff was not the most qualified for any alleged promotion.

## Ninth Affirmative Defense

To the extent Plaintiff were to demonstrate that her alleged protected activity or category was a motivating factor in any purported adverse employment action of which she complains herein, which Defendant denies, Defendant would have taken the same action, even in the absence of any alleged protected activity or category, due to Plaintiff's job performance.

## Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because all actions and decisions made by Defendant with regard to Plaintiff were for legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons wholly unconnected in any causal manner to any alleged protected category or alleged protected activity.

## Eleventh Affirmative Defense

Plaintiff's claims for economic, compensatory, liquidated, and punitive damages, to the extent sought, and other relief are subject to all applicable statutory caps and limitations under

USERRA.

## **<u>DEMAND FOR JURY TRIAL</u>**

Defendant hereby demands a trial by jury on all issues so triable.

**DEFENDANT/COUNTER-PLAINTIFF WORLD FUEL SERVICES CORPORATION'S
COUNTERCLAIM AGAINST PLAINTIFF/COUNTER-DEFENDANT
MARIA MCSWAIN**

COMES NOW, Defendant/Counter-Plaintiff, WORLD FUEL SERVICES CORPORATION ("WFS"), by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure Rule 13, hereby files its Counterclaim against Plaintiff/Counter-Defendant, MARIA MCSWAIN ("Ms. McSwain") and in support states as follows:

**PARTIES**

1.      World Fuel Services Corporation ("WFS") provides energy, logistics, and related services for Aviation, Marine, Commercial, Industrial, and Land Transportation customers around the world.  Its headquarters and principal place of business are located in Miami, Florida.

2.      Upon information and belief, Plaintiff/Counter-Defendant, Maria McSwain ("Ms. McSwain"), is an individual who is a resident of Coral Gables, Florida.

**JURISDICTION**

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. Section § 1367(a), as WFS's state claims are all so related to the underlying claims under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4335 ("USERRA"), brought by Ms. McSwain in this dispute that they form part of the same case or controversy.

4.      Venue is appropriate because all or a substantial part of the events giving rise to this action occurred in the Southern District of Florida.

**FACTUAL ALLEGATIONS**

5.      WFS hired Ms. McSwain as a Senior Human Resources Generalist on March 23, 2015.

6.      During the first five years of her employment with WFS from March 2015 through

March 2020, Ms. McSwain's annual salary soared more than fifty percent from $80,000 to $122,000. She also received two promotions during this same time period.

7.     During this same five-year time period, Ms. McSwain requested military leave on more than 15 occasions – totaling more than 1,900 hours (or approximately 235 days) of time-off for military leave. This time-off *excludes* the 5 months of time-off for military leave that Ms. McSwain requested and received from WFS from April 2020 through August 2020. On each and every occasion Ms. McSwain requested time-off for military leave, WFS approved the leave.

8.     Whenever Ms. McSwain was on military leave, WFS provided Ms. McSwain with full salary and benefits.

9.     By providing Ms. McSwain with full salary and benefits on military leave, WFS exceeded its legal obligations under USERRA, as USERRA does not require an employer to pay an employee for time away from work performing service in the uniformed services. 20 C.F.R. § 1002.7(c).

10.    In November 2016, Ms. McSwain filed an internal complaint, alleging – among other things – that she had been delayed a promotion in violation of USERRA. In the internal complaint, Ms. McSwain stated: "I appreciate that the company is very supportive of my commitment to the Reserves. I do not believe this is a company issue in the least. The company's Military Policy reflects how supportive it is of employees who serve in the Armed Forces."

11.    Following an internal investigation by WFS of Ms. McSwain's 2016 complaint, the Company concluded there was no violation of USERRA.

12.    Irrespective of Ms. McSwain's internal complaint in 2016, WFS approved a promotion for Ms. McSwain, and also approved all subsequent military leave requests by Ms. McSwain from 2016 through 2019.

13.     In November 2019, Ms. McSwain filed another internal complaint, again alleging – among other things – violations of USERRA as a result of not receiving certain pay increases.

14.     Again, following an internal investigation by WFS of Ms. McSwain's 2019 complaint, WFS concluded there was no violation of USERRA.

15.     On or about April 5, 2020, Ms. McSwain was called to active duty.  Ms. McSwain requested military leave from WFS for an estimated period of three months.

16.     Notwithstanding Ms. McSwain's subsequent internal complaint in 2019, WFS continued to approve all subsequent military leave requests and extensions thereof, for Ms. McSwain's military absence from WFS from April 5, 2020 through September 2020.

17.     When Ms. McSwain's military leave commenced, she was a Senior Manager, HR Business Partner at WFS with a salary of $122,000.00.

18.     Upon commencing her military leave in April 2020 and receiving full salary and benefits from WFS, Ms. McSwain made no attempt to ensure that the various tasks and items for which she was then responsible, were properly transitioned to her then supervisor, her direct report or anyone else.  Despite occupying a manager-level, professional role at WFS, Ms. McSwain did not make a phone call, write a note or memorandum, or even send a text message to ensure that any of the job responsibilities or tasks for which she bore responsibility would be appropriately handled in her absence.

19.     On April 5, 2020, upon commencement of her military leave, Ms. McSwain informed her then supervisor, Pat Atkinson, in writing:  "I'm advising you now that I intend to return to work upon finalizing my active duty period as I'm entitled to under the Uniformed Services Employment and Reemployment Rights Act (USERRA)."

20.     On June 24, 2020, Ms. McSwain emailed Mr. Atkinson and others at WFS to advise

that her military orders would be extended until September 30, 2020. In this email communication, Ms. McSwain again advised: "I fully intend to return to work after my orders end….please be so kind as to extend my leave until September 30, 2020."

21.      Upon information and belief, Ms. McSwain was actively seeking alternative employment at the time she commenced her military leave in April, and thereafter while she was on military leave, while she was still employed by WFS and accepting full compensation and benefits from WFS.

22.      Despite Ms. McSwain repeatedly stating her intention to return to work at WFS after her orders ended while she was receiving full compensation and benefits from WFS, Ms. McSwain did not return to work.

23.      On August 31, 2020, Ms. McSwain wrote an email to WFS informing that she was resigning her employment, effective immediately.

24.      In her letter of resignation, Ms. McSwain stated: "I am not providing a two-week advance notice as I had previously transition[ed] all my responsibilities to Karla Lorenzo, Manager HR Compliance when I was called to Active Duty in April of 2020."

25.      Contrary to her statement, Ms. McSwain never transitioned any of her responsibilities to Ms. Lorenzo despite continuing to receive full salary and benefits from WFS.

26.      On information and belief, Ms. McSwain commenced employment with PPD, Inc. as an Associate Director, Global HR Compliance in September 2020. This was why Ms. McSwain did not provide notice to WFS of her voluntary resignation, despite representing to WFS for months that she intended to return to her employment after her military duties completed.

27.      While Ms. McSwain was on military leave from April 7, 2020 to August 31, 2020, WFS fully compensated Ms. McSwain in the amount of $50,833.40.

<u>**COUNT I**</u>
**(Unjust Enrichment)**

28.     WFS repeats and incorporates by reference the allegations in paragraphs 1-27 of the Counterclaim.

29.     A benefit was conferred upon Ms. McSwain by WFS, which was full compensation and benefits throughout Ms. McSwain's military leave. By paying Ms. McSwain full compensation and benefits while she was on military leave, WFS exceeded its legal obligations under USERRA.

30.     While Ms. McSwain was on military leave and received full compensation and benefits from WFS, WFS reasonably believed Ms. McSwain would return to work based on her multiple written statements that she intended to return to work after her orders ended.

31.     On information and belief, Ms. McSwain sought alternative employment, while she received full compensation and benefits throughout her military leave. Further, Ms. McSwain did not return to work after her military orders ended, and she resigned without notice on August 31, 2020.

32.     Upon information and belief, Ms. McSwain appreciated and had knowledge of the benefit conferred, as she received and accepted full compensation and benefits from WFS, which exceeded the compensation and benefits required under USERRA.

33.     Under the circumstances, it would be inequitable for Ms. McSwain to retain the benefit of having received the full amount of compensation and benefits without payment of the value thereof.

34.     World Fuel Services Corporation respectfully requests that this Court grant the following relief:

    a.   Enter judgment in favor of WFS on Count I of the Counterclaim;

b. Order Ms. McSwain to repay WFS the present value of all benefits for which Ms. McSwain has been unjustly enriched;

c. Award WFS appropriate compensatory and/or punitive damages, to the extent ascertainable, in an amount to be determined at trial, together with interest and costs;

d. Award WFS its reasonable costs and attorneys' fees; and

e. Award any other relief that this Court deems just and proper.

**COUNT II**
**(Quantum Meruit)**

35.     WFS repeats and incorporates by reference the allegations in paragraphs 1-27 of the Counterclaim.

36.     WFS conferred a benefit upon Ms. McSwain, which was full compensation and benefits throughout her military leave. By paying Ms. McSwain full compensation and benefits while she was on military leave, WFS exceeded its legal obligations under USERRA.

37.     While Ms. McSwain was on military leave and received full compensation and benefits from WFS, WFS reasonably believed Ms. McSwain would return to work based on her multiple written statements that she intended to return to work after her orders ended.

38.     Upon information and belief, Ms. McSwain had knowledge that she received full compensation and benefits from WFS, which exceeded the compensation and benefits required under USERRA.

39.     Despite Ms. McSwain having an opportunity to decline to accept the full compensation and benefits from WFS, Ms. McSwain accepted and retained the full compensation and benefits that WFS paid her while she was on military leave.

40.     On information and belief, Ms. McSwain sought alternative employment, while she

23

received full compensation and benefits throughout her military leave. Further, Ms. McSwain did not return to work after her military orders ended, and she resigned without notice on August 31, 2020.

41.     Ms. McSwain's acceptance and retention of the full compensation and benefits under the circumstances make it inequitable for her to retain it without paying the fair value thereof.

42.     World Fuel Services Corporation respectfully requests that this Court grant the following relief:

     a.   Enter judgment in favor of WFS on Count II of the Counterclaim;

     b.   Order Ms. McSwain to repay WFS the present value of all benefits conferred upon Ms. McSwain;

     c.   Award WFS appropriate compensatory and/or punitive damages, to the extent ascertainable, in an amount to be determined at trial, together with interest and costs;

     d.   Award WFS its reasonable costs and attorneys' fees; and

     e.   Award any other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

WFS hereby demands a trial by jury on all counts of the Counterclaim so triable.


Dated this 7th day of December, 2020            Respectfully submitted,

                                         LYDECKER | DIAZ
                                         *Counsel for Defendants*
                                         1221 Brickell Avenue, 19th Floor
                                         Miami, Florida 33131
                                         Tel.: (305) 416-3180
                                         Fax: (305) 416-3190

                           By:     */s/ Alan Persaud, Esq.*

Margaret H. Mevers (FBN: 726184)
mhm@lydeckerdiaz.com
Alan Persaud (FBN: 1009883)
apersaud@lydeckerdiaz.com

<u>**CERTIFICATE OF SERVICE**</u>

    **I HEREBY CERTIFY** that on December 7, 2020, I electronically served the foregoing

to: Matthew Z. Crotty, Esq., Crotty & Son Law Firm, PLLC, <u>matt@crottyandson.com</u>, Thomas G.

Jarrard, Esq. Law Office of Thomas G. Jarrard, PLLC, <u>tjarrard@att.net</u>, John David Agnew, Boy

Agnew Potanovic, PLLC, <u>johna@bapfirm.com</u>.

                                         */s/ Alan Persaud, Esq.*
                                         Alan Persaud, Esq.