UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-CV-21203-COOKE/GOODMAN

MARIA McSWAIN,

    Plaintiff,

v.

WORLD FUEL SERVICES
CORPORATION,

    Defendant.
_____/

**MOTION TO DISMISS**

**I.   Introduction & Summary of Argument.**

Not pleased with Ms. McSwain (Plaintiff) seeking to hold it accountable for violating her USERRA rights, World Fuel Services (Defendant) engages in retaliatory tactics by asserting two baseless counterclaims against Plaintiff.  Plaintiff is an at will employee who left her civilian job with Defendant to go on a military deployment to assist in the current Covid-19 crisis.  While on military leave, Defendant, of its own volition, without a contract or any agreement, continued to pay Plaintiff benefits.  While on military leave, Plaintiff told Defendant she intended to return to work for Defendant but later changed her mind and found work elsewhere.  It is upon this fact pattern that Defendant, as more fully described below, reasserts duplicative and baseless claims against Ms. McSwain.

As background, on October 9, 2020, Defendant sought leave to bring four claims against Ms. McSwain: unjust enrichment, quantum meruit, negligent misrepresentation, and fraud in the inducement. (Dkt. 23) Ms. McSwain opposed Defendant's motion, pointing out that all four claims were legally baseless, and asked the Court for leave to amend her complaint to include a USERRA

1

retaliation claim based on Defendant's prosecution of those four baseless counterclaims. (Dkt. 29, Dkt. 30) The Court granted Ms. McSwain's motion to amend. (Dkt. 46) On December 7, 2020, Defendant re-filed its unjust enrichment and quantum meruit claims against Plaintiff but did not re-file its negligent misrepresentation or fraudulent inducement claims—an omission that is an apparent concession to Ms. McSwain's argument that the negligence and fraud claims were, indeed, baseless. (Dkt. 51) The same is true of the reasserted unjust enrichment and quantum meruit claims.

      This is not a case of an employer conferring benefits on an employee, where the employee has contractually agreed to repay those benefits in the event the employee found work elsewhere. Nor is this a covenant not to compete or wrongful solicitation case. This is a case of an employer choosing to pay an employee benefits while that employee is on leave and the employee choosing to not return to that employer's workplace—a scenario that plays out across our Country each day and does not result in the employer suing the employee to recoup those benefits. Indeed, try as Plaintiff must, she could not locate a single Florida case remotely approaching the fact pattern in Defendant's counter-suit. Each claim Defendant seeks to assert against Plaintiff should be dismissed:

      1.     For an ***unjust enrichment claim*** to lie, the Defendant must identify an "obligation imposed by law" that requires an employee to repay an employer benefits that the employer voluntarily paid the employee, and there is no such obligation under Florida law.

      2.     For a ***quantum meruit claim*** to lie, the Defendant must show that a reasonable employee would expect to repay benefits that his or her employer voluntarily paid in the absence of any written or oral expectation that such repayment would be mandatory in the event the

employee went to work somewhere else. Again, there is no known statute or case in Florida justifying such a result.

Allowing these counter claims to progress beyond the pleading stage is inconsistent with the "at will" nature of employer-employee relationships in Florida, case law from other jurisdictions, and would contravene the rights guaranteed to Plaintiff under USERRA.

**II.     Argument.**

**A.     Motion to dismiss standard.**

A motion to dismiss should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Hernandez v. Two Bros. Farm, LLC*, 579 F. Supp. 2d 1379, 1382 (S.D. Fla. 2008)(*citing Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). A court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. *M.T.V. v. DeKalb County Sch. Dist.,* 446 F.3d 1153, 1156 (11th Cir.2006).

Florida is an at will state, meaning that employees can freely leave their workplace to go elsewhere without consequence, absent a contract between the employer and employee indicating otherwise. Defendant's pleading demonstrates that no written or verbal contract exists (or existed) between Plaintiff and Defendant. ECF No. 51, pg. 18 - 24 (no mention whatsoever of "contract" or "agreement"). There is no known Florida case involving a fact pattern such as this: Defendant choosing to pay Plaintiff while Plaintiff was on leave, Plaintiff choosing to end her employment, and Defendant suing Plaintiff to recoup those payments. Nor is there any known Florida case holding that an employee owes his or her employer a duty under any circumstance, must less this instance where (assuming truth to Defendant's allegations) an employee tells her employer that she intends to return to work while that employee is also seeking other employment.

**B.    Defendant's retaliatory claims against Plaintiff fail to state a claim upon which relief can be granted.**

Regarding the ***unjust enrichment claim***, those claims require proof that (1) plaintiff conferred a benefit on the defendant, (2) the defendant voluntarily accepting the benefit, and (3) "the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Peoples Nat. Bank of Commerce v. First Union Nat. Bank of Fla., N.A.*, 667 So. 2d 876, 879 (Fla. Dist. Ct. App. 1996) (unjust enrichment). Quasi-contract claims like this arise out of "obligations *imposed by law* on grounds of justice and equity, and do not rest upon the assent of the contracting parties." *Tipper v. Great Lakes Chem. Co.*, 281 So. 2d 10, 13 (Fla. 1973) (emphasis added). Additionally, "[a] person who without mistake, coercion or request has unconditionally conferred a benefit upon another is not entitled to restitution." *Tipper,* 281 So. 2d at 13. Lastly, since the theory of unjust enrichment is equitable in nature, it is not available when there is an available legal remedy. *Bowleg v. Bowe*, 502 So. 2d 71, 72 (Fla. Dist. Ct. App. 1987).

The unjust enrichment claim fails to state a claim upon which relief can be granted because (a) there is no stand alone "obligation imposed by law" requiring an employee to repay an employer benefits the employer voluntarily paid the employee, (b) Defendant unconditionally conferred a benefit on Plaintiff and Defendant pleads no contract, no policy, or existing practice requiring Plaintiff to repay those benefits it voluntarily paid, and (c) the unjust enrichment claim is duplicative of Defendant's quantum meruit claim.

Regarding the ***quantum meruit claim***, to recover under quantum meruit one must show that the recipient: 1) acquiesced in the provision of services; 2) was aware that the provider expected to be compensated; and 3) was unjustly enriched thereby. *Hermanowski v. Naranja Lakes Condominium No. Five, Inc.*, 421 So. 2d 558 (Fla. 3d DCA 1982), *rev. denied*, 430 So. 2d

4

451 (Fla. 1983). Quantum meruit is a legal doctrine which, in the absence of an express agreement, imposes legal liability on a contract that the law implies from facts where one receives goods or services... where ... a reasonable person receiving such benefit would ordinarily expect to pay for it." *Daake v. Decks N Such Marine, Inc.*, 201 So. 3d 179, 180–81 (Fla. Dist. Ct. App. 2016). Further, "costs incurred in the ordinary course of [an employer's business] are not compensable under quantum meruit [because such] claims measure the value of services to the recipient, rather than the costs to the provider, and therefore…alleged lost profits and costs are not recoverable." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1282 (11th Cir. 2003).

Defendant's quantum meruit claim fails to state a claim upon which relief can be granted because (a) Plaintiff did not expect to compensate Defendant for benefits Defendant voluntarily paid Plaintiff (b) a reasonable employee would not expect to repay his or her former employer for benefits paid absent some sort of notice that the employee would have to repay those benefits in the event the employee found work elsewhere, and (c) since Defendant's voluntary payment of benefits to employees on leave is a "cost in the ordinary course of business" (one for which Defendant will undoubtedly claim a tax deduction or reimbursement as a taxpayer funded federal contractor) it cannot recover, as a matter of law, the benefits it paid Plaintiff.

Not only are Defendant's proposed claims against Plaintiff baseless but they implicate conduct protected by at least three USERRA regulations

**C.    The at-will relationship between Plaintiff and Defendant mandates dismissal of Defendant's counterclaims as do the on point USERRA regulations.**

The rule "in Florida is that when the term of employment is discretionary or indefinite, either party may terminate the employment <u>at any time for any reason or no reason without assuming any liability</u>." *Hartley v. Ocean Reef Club, Inc.,* 476 So. 2d 1327, 1328 (Fla. Dist. Ct. App. 1985) (emphasis added). Other courts are in accord:

5

> The theory of appellees' fraud claim is that appellant committed fraud by not informing appellees that he intended to quit while continuing to receive paychecks from the firm. The trial court granted the motion to dismiss because it found that appellees failed to plead fraud with particularity, as required by Civ.R. 9(B), and because there is no basis in Ohio law for appellees' fraud claim given that appellant was an at will employee under no duty to inform appellees if he was seeking other employment. *Shaver v. Wolske & Blue*, 138 Ohio App. 3d 653, 672, 742 N.E.2d 164, 177 (2000).

The applicable case law is clear, absent a contractual agreement to the contrary, an employee can leave her place of work without facing legal liability from her employer. Plaintiff had no employment contract with Defendant. There is no allegation of a non-compete or any written (or oral) understanding between her and Defendant that if she voluntarily chose to leave Defendant's employ and work elsewhere that she would have to repay previously paid benefits. Here, the at-will relationship between Plaintiff and Defendant mandates dismissal of Defendant's counterclaims.

The applicable USERRA regulations go quite a bit further and eliminate any employer's expectation of the service member while they are on military leave by: (a) prohibiting any employer-imposed requirements; (b) prohibiting demands to accommodate an employer's needs while on military duty; and (c) guarantee that the service member has the right to seek and obtain employment elsewhere. *See* 20 C.F.R. § 1002.104; 1002.120 ("The employee may seek or obtain employment with an employer other than the pre-service employer during the period of time within which a reemployment application must be made, without giving up reemployment rights with the pre-service employer."). Further, a service member owes no duty to the employer to give notice about the intent to return to work until after the military service ends. The only time an employee has to tell her employer of her intention to return to work following a 31-180-day period of military service (the period germane to Plaintiff's service at issue) is to give notice within 14 days after

6

that military service ending. 20 C.F.R. § 1002.115(b). An employee does not have to tell his or her employer of his or her intent to return to work before finishing the military leave. 20 C.F.R. § 1002.88. And any requirement to do so would be in direct contravention of the USERRA prohibitions on employer-imposed requirements. 38 U.S.C. § 4302(b); 20 C.F.R. § 1002.104. In other words, USERRA expressly allows Plaintiff to look for other employment while on military orders and prohibits the employer for demanding or "expecting" anything more. Here, USERRA mandates the dismissal of counterclaims that are in direct contravention of the rights afforded under the Act.

Taken together these USERRA regulations do not require an employee to make any type of return to work commitment until the military service ends and do not penalize the employee for accepting a job with a different employer. Accordingly, the Court should grant Plaintiff's motion to dismiss on these grounds as well.

**D.    Defendant's state law claims are a futile attempt to undermine the law of USERRA.**

Independently of the above, USERRA preempts any practice of an employer that would abridge the rights of Plaintiff to obtain a remedy in this court. *See* 38 U.S.C. § 4302(b) ("This chapter supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit."). To countenance the Defendant's state common law counterclaims in this USERRA case would permit Defendants to limit Plaintiff's rights under USERRA (including the above-addressed USERRA regulations) and obtain remedies that are prohibited under USERRA.

Indeed, Defendant's counter claims seek, *inter alia*, damages, punitive damages, attorney fees and costs it cannot obtain under USERRA. *Compare* Dkt. 51, pg. 22, ¶b-e, pg. 24, ¶b-3 *with* 38 U.S.C. § 4323(h). In fact, a Defendant in a USERRA case may not recover anything from a plaintiff even if it prevails. 20 C.F.R. §1002.310 ("No fees or court costs may be charged or taxed against an individual if he or she is claiming rights under the Act."). For example, in *Crews v. City of Mt. Vernon*, 2007 WL 1521495 at *1 (S.D. Ill., May 22, 2007), the plaintiff successfully moved to strike defendant's counter claims for recovery of fees and costs. The court held that neither USERRA, nor the American Rule would permit defendants a recovery for fees and costs. In *Smith v. Pepsi Bottling Group,* the court denied defendant's motion for fees and costs based on theories of abuse of process and fraud on the court. *See Smith v. Pepsi Bottling Grp. (PBG),* No. 2:06-0040-DCN-RSC, 2007 U.S. Dist. LEXIS 65201, at *2 (D.S.C. Aug. 31, 2007). Here, Defendant's novel approach to side step the USERRA prohibitions should be rejected.

**E.   Courts routinely dismiss employer counterclaims in analogous cases.**

Federal Rule of Civil Procedure 12(b)(1) allows a court to decline supplemental jurisdiction over a counterclaim if that counterclaim is insufficiently related to the underlying federal claim. *Cruz v. Winter Garden Realty,* 2012 WL 6212909 (M.D. Fla. Nov. 27, 2012). Indeed, in the FLSA context, courts hold that "an employer-employee relationship between parties is an insufficient nexus to give rise to supplemental jurisdiction. *Gonzalez v. Batmasian*, 239 F. Supp. 3d 1363, 1365-66 (S.D. Fla. 2017) ("[W]e find no indication that Congress passed the FLSA with the expectation that it was authorizing federal courts to exercise far-reaching jurisdiction over state-law disputes arising from employment relationships."). The same principles apply here, because the USERRA claims and Counterclaims involve different facts judicial economy would not be served by the Court's exercise of supplemental jurisdiction.

**F.     Courts properly decline to exercise supplemental jurisdiction over state law counter claims in employment cases.**

Assuming, *arguendo*, this Court were to find that the state law counter claims may be related to the federal claim in an ongoing action, under 28 U.S.C. § 1367(a), the court still has the authority to decline to exercise supplemental jurisdiction over such claims. *See Travis v. Residential Credit Sols., Inc*., No. 16-62552-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 155596, at *2-4 (S.D. Fla. Nov. 7, 2016). As discussed in *Travis,* the Court's supplemental jurisdiction inquiry is codified at 28 U.S.C. § 1367(c). To wit:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
> (1) the claim raises a novel or complex issue of State law, [or]
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . . .

28 U.S.C. § 1367(c).

Declining supplemental jurisdiction over state laws claims is proper where those claims would tend to dominate the federal claim and obscure its significance. *See Winn v. North Am. Philips Corp*., 826 F. Supp. 1424, 1426 (S.D. Fla. 1993). Here, the Court should decline to exercise it supplemental jurisdiction over Defendant's novel an innovative state law claims because those claims would present questions of state law that would tend to dominate over the USERRA claims. *Supra.* As recognized by the Eleventh Circuit, "USERRA provides a comprehensive remedial scheme to ensure the employment and reemployment rights of those called upon to serve in the armed forces of the United States." *Wood v. Kelly*, 720 F. App'x 532, 536 n.4 (11th Cir. 2017). Permitting Defendant to insert new theories to defend against USERRA claims will only undermine that comprehensive remedial scheme, cause confusion, and obscure the significance of USERRA, and, in turn allow employers to "eviscerate the protections afforded

by USERRA" to those who serve or have served in the military. *McGuffin v. SSA*, 942 F.3d 1099, 1108 (Fed. Cir. 2019).

### III.  Conclusion.

For all these reasons the Court should reject each of Defendant's retaliatory counterclaims and grant Plaintiff's motion to dismiss.

_____//s// John D. Agnew_____
JOHN D. AGNEW
BOY AGNEW POTANOVIC, PLLC
4414 Metro Parkway, Ste. 110
Fort Myers, FL 33916
Telephone: 239-208-6500
Email: johna@bapfirm.com


_____//s// Matthew Z. Crotty_____
MATTHEW Z. CROTTY, *Pro Hac Vice*
CROTTY & SON LAW FIRM, PLLC
905 West Riverside, Suite 404
Spokane, WA 99201-0300
Telephone: 509-850-7011
Email: matt@crottyandson.com

_____//s//   Thomas G. Jarrard_____
THOMAS G. JARRARD, *Pro Hac Vice*
LAW OFFICE OF THOMAS G. JARRARD
1020 N. Monroe St.
Spokane, WA 99201
Telephone: 425-239-7290
Email: tjarrard@att.net

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on December 11, 2020. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on counsel who have appeared in this matter.

>      _____*//s// John D. Agnew*_____
> JOHN D. AGNEW
> BOY AGNEW POTANOVIC, PLLC
> 4414 Metro Parkway, Ste. 110
> Fort Myers, FL 33916
> Telephone: 239-208-6500
> Email: johna@bapfirm.com