**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-21203-BLOOM/Goodman**

MARIA MCSWAIN,

      Plaintiff,

v.

WORLD FUEL SERVICES
CORPORATION,

      Defendant.

_____/

## <u>ORDER ON MOTIONS FOR SUMMARY JUDGMENT</u>

**THIS CAUSE** is before the Court upon Plaintiff Maria McSwain's Motion for Partial Summary Judgment, ECF No. [71], and Defendant World Fuel Services Corporation's Motion for Summary Judgment, ECF No. [72]. The Court has carefully considered the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is denied, and Defendant's Motion is granted in part and denied in part.

### I.   BACKGROUND

Plaintiff filed her Complaint alleging violations of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4335 ("USERRA"). Plaintiff alleges that Defendant discriminated, harassed, and retaliated against her because of her military status, military leave, and complaints of discrimination. Plaintiff's allegations are based on a purported delay of a promotion in 2016, a failure to promote in October 2018, a demotion on November 16, 2018, and other adverse employment actions.

On November 30, 2020, Plaintiff filed an Amended Complaint in which she alleges seven

counts of USERRA violations. *See* ECF No. [50]. Plaintiff alleges Defendant violated 38 U.S.C. §§ 4312 and 4313 of USERRA by refusing to reemploy Plaintiff in a position required by USERRA (Count I), *id*. at ¶¶ 93-95; Defendant violated 38 U.S.C. § 4311(a) of USERRA by delaying her promotion because of her military deployment (Count II), *id*. at ¶ 98; Defendant violated 38 U.S.C. § 4311(b) of USERRA by retaliating against Plaintiff by delaying her promotion in 2016, denying her promotion in 2018, and filing a baseless counterclaim in this action (Count III), *id*. at ¶ 103; Defendant violated 38 U.S.C. § 4316 of USERRA when it demoted Plaintiff on November 16, 2018 (Count IV), *id*. at ¶ 108; Defendant violated 38 U.S.C. § 4323 of USERRA entitling Plaintiff to liquidated damages because her attempts to educate Defendant on USERRA did not result in Defendant changing its practices, but instead led to retaliation against Plaintiff (Count V), *id*. at ¶¶ 113-114; Defendant violated 38 U.S.C. § 4318 of USERRA by not counting periods of short-term military leave toward the compensation used to determine retirement contributions and refusing to provide Plaintiff with information necessary for her to know the amount of retirement contributions that she could make, and that Defendant would match (Count VI), *id*. at ¶ 119; and Defendant violated 38 U.S.C. § 4302 of USERRA by limiting Plaintiff's Rights under USERRA (Count VII), *id*. at ¶¶ 124-125.

## II.   MATERIAL FACTS

Based on the parties' respective statements of material facts in support of and in opposition to Plaintiff's Motion[1] and in support of and in opposition to Defendant's Motion, along with the evidence in the record[2], the following facts are not genuinely in dispute, unless otherwise noted.

---

[1] The Court points out that Plaintiff failed to timely comply with Local Rule 56.1(a)(1), requiring that the Statement of Material Facts be separately and contemporaneously filed with the Motion. However, the Court exercises its discretion to consider Plaintiff's Motion and the belatedly filed Statement of Material Facts filed in support of Plaintiff's Motion since both were already filed when this Court was assigned the case and began its analysis of Plaintiff's and Defendant's Motions for Summary Judgment.

[2] The Court notes that the parties filed a Pretrial Stipulation, ECF No. [102], in which the parties

### A. Plaintiff's Job

Plaintiff worked for Defendant from March 23, 2015, until she voluntarily resigned on August 31, 2020. ECF No. [73] at ¶1. Plaintiff was employed as a Senior Human Resources Generalist and also served in the United States Air Force Reserves as a Master Sergeant at all times relevant to the litigation. Plaintiff's initial salary was $80,000.00 per year and increased to $82,400.00 on April 1, 2016, when she received a merit pay raise. *Id*. at ¶ 6. Plaintiff was promoted on January 1, 2017, at which point her salary increased to $95,000.00, and promoted again on January 1, 2018, when her pay increased to $110,000.00. *Id*. On April 1, 2019, Plaintiff received a merit pay increase at which point her salary was increased to $122,000.00. *Id*.

Plaintiff was supervised by Bernardo Buraglia ("Buraglia"), the Vice President of Human Resources ("HR") Operations, from August 2015 through January 2017, when he resigned. *Id*. at ¶¶ 2, 20. In 2018 and 2019, Plaintiff was supervised by Maria Palacio ("Palacio"). *Id*. at ¶ 3.

### B. Delayed 2016 Promotion

On July 28, 2016, Plaintiff met with Buraglia, and requested a title and compensation review. *Id*. at ¶ 7. Buraglia instructed Plaintiff to rewrite her job description so it could be submitted for review. *Id*. Plaintiff submitted the job description on August 26, 2016. *Id*. at ¶ 8. On November 16, 2016, Plaintiff and Buraglia met and Buraglia informed Plaintiff that her title and compensation request was granted and would be implemented in 2017. *Id*. at ¶ 10. After that meeting, Plaintiff made an internal complaint about Buraglia's management style in which she complained that Buraglia improperly delayed her promotion because she was on military leave, in violation of USERRA. *Id*. at ¶ 12. It is disputed whether Kenneth Gavsie ("Gavsie"), Defendant's in-house counsel, investigated Plaintiff's internal complaint. *Id.* at ¶¶ 4, 14; ECF No. [80] at ¶ 14. Plaintiff's

---

jointly list uncontested and contested facts.

promotion went into effect on January 1, 2017. ECF No. [73]. at ¶ 16. It is disputed whether Defendant has a policy requiring promotions to be made according to a promotional cycle. *Id*. at ¶¶ 18-19; ECF No. [80] at ¶ 8.

### C.  Denied 2018 Promotion

On September 23, 2018, Plaintiff told Palacio that she received notice of an October 1-31, 2018, military deployment. ECF No. [75] at ¶ 1. On October 1, 2018, Marie Bonnet, Penelope Pena, Carmen Garcia, Laura Fawley, and Margie Toledo, the five other HR business partner employees in Defendant's HR department, were promoted while Plaintiff was on military leave. *Id*. at ¶ 5; ECF No. [73] at ¶¶ 22, 26. On November 13, 2019, Plaintiff made an internal complaint alleging a denial of her promotion and salary increase in October 2018 due to her military deployment. *Id*. at ¶ 25. Plaintiff's internal complaint alleged that Plaintiff's salary was misaligned with her role and that Palacio did not treat her employees equally. *Id*. Gavsie investigated Plaintiff's 2019 internal complaint and found that the decision to promote the five other employees was made prior to Plaintiff receiving her October 2018 orders for deployment. *Id*. at ¶¶ 28-29. It is disputed whether three of the five individuals who received promotions or pay increases in October 2018 had received promotions in 2018. *Id*. at ¶ 36; ECF No. [80] at ¶ 29. It is also disputed whether there was a rule prohibiting more than one promotion in a year or permitting promotions and bonuses in the same year, ECF Nos. [80] at ¶ 79, [90] at ¶ 79, and whether Palacio did not believe Plaintiff was ready for a director level position because of issues around communication with the Marine segment and because it was difficult for Plaintiff to interact with other parties seamlessly.[3]

---

[3] The Court notes that in Pretrial Stipulation the parties indicated the following as issue of fact to be litigated: "Whether Ms. Palacio did not believe Plaintiff was ready for a Director level position, because Plaintiff was still in the process of learning the business, there were some issues around communication with the Marine segment and with some of the other organizations Plaintiff supported, and it was difficult for Plaintiff to interact with other parties in a seamless way which a Business Partner would have to do". ECF No. [102] at 9-10.

ECF Nos. [73] at ¶ 43, [80] at ¶¶ 41-43, 103, [90] at ¶ 103. Gavsie did not interview Plaintiff as part of his investigation into her complaint. ECF No. [80] at ¶ 28. It is disputed whether, in the course of investigating Plaintiff's 2019 internal complaint, Gavsie asked Plaintiff whether there was anything she wanted to discuss that was not set forth in her report and Plaintiff responded no. ECF Nos. [73] at ¶ 61, [80] at ¶¶ 28, 59, 51. On December 10, 2019, Casadevall, Defendant's Chief HR Officer, met with Plaintiff. ECF No. [73] at ¶¶ 5, 71. It is disputed whether Casadevall adequately addressed Plaintiff's complaint. *Id.*; ECF No. [80] at ¶ 71.

### D. Demotion

On November 16, 2018, Plaintiff's HR business partner responsibilities for the Marine and Aviation segments were removed but her job title and salary did not change. *Id.* at ¶ 53. Palacio directed Plaintiff to work on Immigration and Compliance issues only. ECF No. [75] at ¶ 11. Plaintiff spoke to a recruiter who told her she would not be considered for a position in Defendant's land division. *Id.* at ¶12; ECF No. [73] at ¶ 54. Plaintiff never applied for that role. ECF No. [73] at ¶¶ 54. It is disputed whether Plaintiff's reputation was damaged or whether she was screened out of a promotional opportunity. *Id.*; ECF No. [80] at ¶ 53.

Plaintiff now seeks summary judgment on Count I and Count IV and Defendant seeks summary judgment on all counts.

### III. LEGAL STANDARD

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is

material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

## IV.   DISCUSSION

Plaintiff seeks summary judgment on Count I and Count IV. *See generally* ECF No. [71]. Defendant seeks summary judgment on all counts. *See generally* ECF No. [72]. Defendant further contends that the Court must strike Plaintiff's Declaration and the Declaration of her lawyer, Thomas G. Jarrard ("Jarrard"), filed in Support of Plaintiff's Motion for Partial Summary Judgment, and Plaintiff's Declaration and the Declaration of third-party, Erick C. West ("West"), filed with her Response to Defendant's Statement of Material Facts. *See* ECF Nos. [71] at 22-23, 48-50 [80-1], and [80-14]. The Court first addresses the admissibility of the Declarations and then considers whether summary judgment is appropriate as to each Count of the Amended Complaint.

## A. Admissibility of Declarations

Defendant argues that Plaintiff violated Fed. R. Civ. P.  26 by filing Declarations obtained after the discovery cutoff date. ECF No. [89] at 2. In support of her own Motion, Plaintiff attached the Declaration of Jarrard, and her own Declaration. In support of her Response in Opposition to Defendant's Motion, Plaintiff attached the Declaration of West, and another Declaration of Plaintiff.

### i.     Third Party Declarations

Defendant contends that the Declarations of third parties Jarrard and West must be stricken. Although Defendant does not specifically cite case law in support of its position that the third-party declarations must be stricken, and instead expands on its argument that Plaintiff's Declarations must be stricken. Defendant cites *Gonzalez v. State of Florida Dep't of Mgmt. Services,* in which the court found that a third-party affidavit submitted after the discovery deadline in support of its response to a motion for summary judgment was not harmless and was required to be stricken. *Gonzalez v. State of Florida Dep't of Mgmt. Services,* 124 F. Supp. 3d 1317, 1327 (S.D. Fla. 2015), *aff'd sub nom. Gonzalez v. Florida Dep't of Mgmt. Services*, 683 Fed. Appx. 738

(11th Cir. 2017). Plaintiff responds only with regard to the Declaration of Jarrard and argues that it need not be stricken because it "does not contain a previously undisclosed declaration from any fact witness." ECF No. [85] at 6. Plaintiff contends that Jarrard's declaration is just a vehicle for previously disclosed documents. Here, the Declarations of West and Jarrard are third party Declarations submitted after the discovery deadline in response to or in support of a motion for summary judgment, and so they, like the declaration in *Gonzalez* must be stricken.[4]

ii.     **Plaintiff's Declarations**

Defendant argues that "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion, that by omission or addition, contradicts the affiant's previous deposition testimony." ECF No. [89] at 3 (citing *Van T. Junkins & Associates, Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984)). Defendant cites additional Eleventh Circuit case law for the proposition that evidence that flatly contradicts earlier deposition testimony without valid explanation may be disregarded as a sham. *Id.* at 3. (citing *Faulk v. Volunteers of Am.*, 444 Fed. Appx. 316, 318 (11th Cir. 2011)). Here, unlike *Van T. Junkins & Associates* or *Faulk,* the Court does not find that Plaintiff's declaration is contrary to her deposition testimony, only that it expands on it. Additionally, the Court notes that much of Plaintiff's Declarations are substantially similar to the facts alleged in the Amended Complaint. *See* ECF Nos. [50], [70] at 48-50, and [80-1]. Accordingly, Plaintiff's Declarations will be considered.

**B.  Plaintiff's Motion as to Count I – Promotion Pursuant to §§ 4312 and 4313**

Plaintiff argues that she is entitled to summary judgment on Count I because she fulfilled each of the three requirements necessary to prove Defendant's lack of compliance with 38 U.S.C.

---

[4] In addressing Plaintiff's argument, the Court emphasizes that the previously disclosed documents themselves, including the defense discovery responses, Casadevall's deposition, and documentary evidence referenced *in* Jarrard's Declaration, will be considered.

§ 4312, and her reemployment in the position she would have held but for her military service. ECF No. [71] at 8. Defendant responds that it is undisputed that Plaintiff was reemployed at the same seniority, status, and pay as before she left for her October 2018 military service. ECF No. [81] at 5.

"USERRA requires an employer to promptly reemploy 'any person whose absence from a position of employment is necessitated by reason of service in the uniformed services.' This requirement applies if: (1) the employee gives proper notice to his employer when leaving; (2) the absence is for less than five years; and (3) the employee timely applies for reemployment upon his return." *United States v. Alabama Dept. of Mental Health & Mental Retardation*, 673 F.3d 1320, 1324 (11th Cir. 2012) (quoting 38 U.S.C. § 4312(a)). Assuming that an employee meets the three requirements, "the employer must offer the veteran either the position he would have held had his employment not been interrupted by military service, or 'a position of like seniority, status, and pay.'" *Id*. (quoting 38 U.S.C. § 4313(a)(2)(A)). "Unlike section 4311, [section 4312] does not require an employee to show any discriminatory animus." *Coffman v. Chugach Support Services, Inc.*, 411 F.3d 1231, 1235 (11th Cir. 2005).

Plaintiff provided Defendant with notice of her military service and intent to be reemployed, took a leave of absence for active military service for more than 30 days and less than five years, and was honorably discharged from her military service. *Id*. Plaintiff argues that there is no dispute of material fact, and it is reasonably certain that she should have been reemployed with a promotion to director "along with all five of her peers." *Id.* at 9-10.  Plaintiff argues that if she had been present and not on military duty, she would have been promoted along with her peers. *Id*. at 11. Plaintiff further contends that Defendant's proffered justifications for her non promotion in 2018 are pretextual so no jury is necessary to conclude that Defendant failed to properly

reemploy Plaintiff in the position she would have been promoted to but for her military absence. *Id*. at 11-12. Defendant responds that the "permissible record evidence and unrefuted deposition testimony has proven that Plaintiff would not have attained the October 2018 promotion with reasonable certainty had she remained continuously employed during the period of service." *Id*. at 6. Defendant also argues that Plaintiff's conclusory allegations do not support her position that she qualified for the October 2018 promotion. *Id*. at 7.

However, the record evidence reflects that other HR management peers were promoted in October 2018 and Plaintiff states that she was told by her supervisor that she was not promoted based on her military orders.  The Court finds that material facts remain in dispute, including (1) when evaluations and decisions were made by Defendant to promote Plaintiff's HR colleagues but not her; and (2) whether there existed issues regarding Plaintiff's qualifications impacting her readiness for a director level position. Since those issues of fact are material to Count I, the Court denies Plaintiff's Motion as to Count I.

### C.  Defendant's Motion as to Count I –Promotion Pursuant to §§ 4312 and 4313

Defendant argues that summary judgment should be granted in its favor as to Count I because there is no evidence that Plaintiff would have been promoted in 2018 but for her military service. ECF No. [72]. Defendant asserts that the decision to make promotions and pay increases was made before Plaintiff received her October 2018 military orders, and Plaintiff was not similarly situated to the employees who did receive promotions and pay increases. Defendant points out that, unlike the others, Plaintiff had been promoted that year and it is Defendant's general practice not to promote an employee more than once in a year. *Id*. at 6. Defendant contends that Plaintiff has failed to make a *prima facie* case as to Count I because her personal belief that she should have been promoted is not sufficient to constitute the requisite showing that but for her

military service she would have been promoted. *Id*. at 6-7 (citing *Wallace v. Teledyne Cont'l Motors*, 138 Fed. Appx. 139, 143 (11th Cir. 2005). *Id*. at 7.

Because the Court persists in its finding that there are material issues of fact in dispute, the Court denies Defendant's Motion as to Count I.

### D. Defendant's Motion as to Count II – Promotion Pursuant to § 4311(a)

Defendant argues that (1) Plaintiff failed to establish a discrimination claim based on any alleged delay of promotion in 2016; and (2) failed to establish any failure to promote claim in October 2018. *See* ECF No. [72] at 2-10. Plaintiff responds that she has met her burden of establishing a *prima facie* case of a USERRA discrimination claim. *See* ECF No. [79] at 7-16

"A USERRA discrimination claim brought under § 4311 requires proof of the employer's discriminatory motive." *Annarumma v. City of High Springs Florida*, 846 F. App'x 776, 782 (11th Cir. 2021). "In order to establish a prima facie case of discrimination, the plaintiff must demonstrate by a preponderance of the evidence that his military membership or obligation was a motivating factor in the employer's decision." *Landolfi v. City of Melbourne, Fla.,* 515 F. App'x 832, 834 (11th Cir. 2013) "A motivating factor does not mean that it had to be the sole cause of the employment action. Instead, 'it is one of the factors that 'a truthful employer would list if asked for the reasons for its decision.'" *Coffman,* 411 F.3d at 1238 (quoting *Brandsasse v. City of Suffolk, Va.*, 72 F.Supp.2d 608, 617 (E.D.Va.1999)). The Court can infer discriminatory motivation from a variety of considerations, including "proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses." *Id*. "After the

plaintiff meets the initial burden, the burden shifts to the employer to prove, by a preponderance of evidence, the affirmative defense that 'legitimate reasons, standing alone, would have induced the employer to take the same adverse action.'" *Gambrill v. Cullman Cnty. Bd. of Educ.*, 395 F. App'x 543, 544 (11th Cir. 2010) (quoting *Coffman*, at 1238-39).

i.      **Delay of Promotion in 2016**

Defendant argues that Plaintiff's promotion could not be effective in October 2016 because the compensation and title review was pending until November 2016, leaving the next promotional cycle of January 2017, when Defendant did make Plaintiff's promotion effective. ECF No. [72] at 4-5. Defendant contends that this non-discriminatory reason for making Plaintiff's promotion effective in January 2017 is not pretextual. *Id*. at 5 (citing *Tidwell v. Carter Products*, 135 F.3d 1422,1428 (11th Cir. 1998)). In contrast, Plaintiff contends that the title and compensation review could have been expedited, as they were regarding the other employees promoted in October of 2018, and promotions were made in other cases either retroactively or in months out of the preferred cycle. *See* ECF No. [79] at 9. Plaintiff asserts that she has met her initial burden by presenting circumstantial evidence and that "no matter its form, so long as the circumstantial evidence raises a reasonable inference that the employer discriminated against the plaintiff, summary judgment is improper." *Id*. at 15 (quoting *Saweress v. Ivey*, 354 F. Supp. 3d 1288, 1304 (M.D. Fla. 2019)). Plaintiff points out that "summary judgment is appropriate where the employer's evidence is so compelling and so meagerly contested . . . that a trial would be a waste of time." ECF No. [79] at 15 (quoting *Brown v. Houser*, 129 F. Supp. 3d 1357, 1376 (N.D. Ga. 2015 (internal quotation marks and citation omitted)).

In *Brown*, the Court found that Owens presented sufficient evidence to demonstrate that his military service was a motivating factor in his employer's decision not to promote him because his employer retracted his promotion and explained in an email that Owens could not be promoted while on active duty. *Brown*, at 1375. The Court then analyzed defendant's burden to rebut the presumption that military service was a motivating factor and found that Brown's employer was unable to meet "its burden of rebutting the presumption that Owens's military service was a motivating factor in the adverse action." *Id*.

Here, it is undisputed that Plaintiff met with Buraglia and requested a title and compensation review. ECF No. [73] at ¶ 7. Buraglia told her to submit a rewritten job description which she did on August 26, 2016. *Id*. at ¶ 8. Plaintiff informed Buraglia in September 2016 that she would be deployed. In November 2016, Plaintiff was notified that her title and compensation request was granted and would be implemented in 2017. *Id* at ¶10. Plaintiff argues that her promotion was delayed because of her upcoming leave for service. Whether Defendant delayed Plaintiff's promotion until January 2017 so as to correspond to a promotion cycle is in dispute. Accordingly, there exists disputed material facts as to whether Plaintiff's military service was a motivating factor in making her promotion effective January 1, 2017.

ii.    **Failure to Promote in 2018**

Defendant argues that Plaintiff only sets forth self-serving statements and arguments based on her personal, subjective beliefs that she purportedly qualified for and should have been promoted to a director position, and it is insufficient to support a *prima facie* case of discrimination. ECF No. [89] at 9 (citing *Gonzales v. Am. Family Life Assur. Co.*, 202 F. Supp. 2d 1373, 1381 (M.D. Ga. 2002)). In *Gonzales* the Court determined that "Plaintiff's personal belief of her

qualifications was not sufficient to prove an element of her prima facie case of discrimination." *Gonzales*, at 1381.

Plaintiff responds that she has provided both direct and circumstantial evidence demonstrating that her lack of promotion in 2018 was motivated by her protected military service. ECF No. [79] at 7-8. In support, Plaintiff refers to Palacio's negative body language and mannerisms when she told Palacio of her need for military leave in September 2018, the fact that Gavsie and Palacio offered different testimony about what criteria was used to exclude her from the 2018 retention exercise, and that Casadevall was not able to articulate what criteria was used for the 2018 retention exercise. *Id*. at 7-9.

Here, there exists a genuine dispute of material facts as to whether decisions about who to promote in October of 2018 were made prior to Plaintiff receiving her orders for deployment in October of 2018 and what criteria was used to determine who would be promoted. There is also a dispute as to whether an employee could be promoted more than once in a year. In light of these genuine disputes of material fact, the Court concludes that it must deny Defendant's Motion as to Count II.

**E. Defendant's Motion as to Count III – Retaliation Pursuant to § 4311(b)**

Defendant argues that Plaintiff has failed to articulate a valid claim for USERRA retaliation under any of the theories that she has alleged and asserts: (1) Defendant did not unlawfully delay Plaintiff's promotion in 2016 and non- promotion in 2018; (2) conduct and statements by Buraglia and Palacio are not actionable retaliation; (3) Plaintiff did not engage in any statutorily protected activity in providing USERRA compliance information in 2018 or her personal disagreement with Defendant's investigations into her allegations; and (4) Defendant did not retaliate by filing a Counterclaim. *See* ECF No. [72] at 10-13. Plaintiff respond that issues of material fact exist and

the close temporal proximity of her protected activities and Defendant's negative employment actions evidence a *prima facie* case of USERRA retaliation. *See* ECF No. [79] at 16-19.

> Pursuant to Section 4311(b):
>
> An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter. …
>
> 38 U.S.C. § 4311(b)

"An employer engages in prohibited retaliatory conduct where it takes an adverse action against an employee motivated by that employee's efforts to enforce the USERRA, unless the employer can prove that the action would have been taken in the absence of the employee's protected activity." *Ward v. United Parcel Serv.*, 580 F. App'x 735, 739 (11th Cir. 2014) "In the context of employment retaliation cases, a plaintiff's burden to prove causation can be met by showing a close temporal proximity between the statutorily protected activity and adverse-employment action." *Id.* (citing *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir.2007)). Once the Plaintiff establishes a prima facie case of retaliation, "the burden shifts to the employer to prove the affirmative defense that legitimate reasons, standing alone, would have induced the employer to take the same adverse action." *Coffman*, at 1238-39.

### i.    **2016 Delay in Promotion and 2018 Non-Promotion**

Defendant argues that Plaintiff fails to present a *prima facie* case of retaliation because she has not demonstrated that Defendant delayed Plaintiff's promotion in 2016 or failed to promote Plaintiff in 2018 in violation of USERRA. ECF No. [72] at 10. Plaintiff counters that Defendant attempts to apply the wrong burden of proof, and she has met her burden of demonstrating that her military service was a motivating factor for Defendant's retaliatory employment decisions. These

include when she was not promoted in 2016 after accusing Buraglia of violating USERRA on November 16, 2022; certain responsibilities were taken away after she complained that her non-promotion in October 2018 was a USERRA violation on November 6, 2018; she did not receive a pay raise in 2019 after sending her USERRA complaint in November 2019  and a December 5, 2019 email sent to Gavsie telling him she would be making a Department of Labor complaint. ECF No. [79] at 18-19. Since the Court has determined that issues of material fact remain as to whether Defendant impermissibly delayed Plaintiff's promotion in 2016 and did not promote her in 2018 in violation of USERRA, the Court determines that, here too, there are outstanding issues of material fact.

ii.     **Conduct and Statements by Buraglia and Palacio**

Defendant further contends that any comments or conduct by Buraglia and Palacio, even if true, are not actionable retaliation. ECF No. [72] at 10. Defendant cites two Eighth Circuit cases to support its position that condescending, disparaging, or sarcastic comments from a supervisor about a service member's service do not constitute adverse employment action protected by USERRA. *Id* (citing *Lisdahl v. Mayo Found.*, 633 F.3d 712, 721-22 (8th Cir. 2011); *McConnell v. Anixter, Inc.*, 944 F.3d 985, 988-89 (8th Cir. 2019)). To the extent that Plaintiff has raised such a claim, the Court agrees that the standard in USERRA to find discriminatory retaliation requires materially adverse employment decisions and that generally disparaging comments and sarcastic remarks are not by themselves actionable under USERRA. *McConnell*, at 989; *see also Lambert v. United Parcel Serv., Inc.*, 266 F. Supp. 3d 1369, 1372 (M.D. Fla. 2017) ("a materially adverse action is one that 'well might have dissuaded a reasonable worker from making...a charge of discrimination.'" (citing *Crawford v. Carroll*, 529 F.3d 961, 973-74 (11th Cir. 2008))).

### iii.   **USERRA Compliance and Internal Investigations**

Defendant next argues that Plaintiff cannot claim she was retaliated against when she provided answers to questions regarding USERRA compliance issues for another employee because it was part of Plaintiff's job in HR compliance, and it was not a protected activity. ECF No. [72] at 11. Defendants further contend that Plaintiff's dissatisfaction with the way Defendant conducted its internal investigation does not constitute a proper ground for a claim of USERRA retaliation. *Id*. Plaintiff responds that Defendant retaliated when it did not promote her in October of 2018 after she opposed Defendant's violation of the other employee's USERRA rights. ECF No. [79] at 18-19. Plaintiff does not specifically address those arguments in her Response except to argue that a close temporal relationship exists between the period she provided compliance guidance in favor of a service member and when she was denied a promotion in 2018. *Id*. The plain language of § 4311 states that

> An employer may not… take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter … (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter. The prohibition in this subsection shall apply with respect to a person regardless of whether that person has performed service in the uniformed services.

38 U.S.C. § 4311(b).

Because this section is not contingent on service, the activity it is designed to protect is any activity to *enforce* USERRA, not just protected service.  As such, the Court disagrees with Defendant and finds that Plaintiff can proceed with her retaliation claim regarding her effort to enforce USERRA on behalf of a colleague and demanding a full investigation. Genuine issues of material fact exist as to whether the investigations were adequate and those circumstances surrounding Plaintiff's 2018 non-promotion.

### iv.   **Defendant's Counterclaim**

17

Defendant contends that since its Counterclaim was filed *after* Plaintiff voluntarily resigned, she has failed to establish that it is retaliatory. Defendant relies on case law that any action taken more than three months after the alleged protected activity is not enough to establish causation, ECF No. [72] at 12 (citing *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361,1364 (11th Cir. 2007)), and that the filing of a lawsuit or counterclaim after an employee has ceased working for a company does not constitute grounds for a claim of retaliation, *id.* (citing *Wildstein v. Cheyenne Holdings, Inc.*, 2:16-CV-14570, 2017 WL 10775868, at *3 (S.D. Fla. Feb. 8, 2017); *Beltran v. Brentwood N. Healthcare Ctr., LLC*, 426 F. Supp. 2d 827, 833-34 (N.D. Ill. 2006); *E.E.O.C. v. K & J Mgmt., Inc.*, 99 C 8116, 2000 WL 34248366, at *4-*5 (N.D. Ill. June 8, 2000); *Banks v. CBOCS W., Inc.*, 01 C 795, 2005 WL 1126913, at *15 (N.D. Ill. May 9, 2005), *amended on reconsideration in part on other grounds*,  2006 WL 648136 (N.D. Ill. Feb. 17, 2006)).

Plaintiff argues that Defendant's 2020 Counterclaim would dissuade a reasonable person from making a charge of discrimination. ECF No. [79] at 18. As evidence that the Counterclaim was retaliatory, Plaintiff explains that Defendant did not sue another of its employees to recoup pay continuation benefits when that employee left Defendant under substantially similar circumstances. *Id.* at 19. Plaintiff does not specifically address Defendant's argument regarding the fact that Counterclaim was filed after her voluntary resignation or the lack of temporal proximity between the protected activity and Defendant's filing of the Counterclaim except to cite the Court's Order permitting her to amend her Complaint after the Defendant raised the same arguments. *See id* (citing ECF Nos. [40], [46]).

Because USERRA § 4311(b) protects against discrimination in employment and adverse employment actions and filing the Counterclaim was not discrimination in employment or an employment action, the Court agrees with Defendant. *See* 38 U.S.C. § 4311(b). Plaintiff has not

made a *prima facie* showing that Defendant violated § 4311(b) under the theory that Defendant retaliated by filing a Counterclaim.

Nevertheless, Defendant's Motion is denied as to Count III because Plaintiff can proceed with her claim of retaliation under the theory that Defendant retaliated when it delayed her a promotion in 2016, denied her promotion in 2018, changed her job responsibilities in 2018, and denied her a wage increase in 2019.

### F.  Plaintiff's Motion as to Count IV – Demotion Pursuant to § 4316[5]

Plaintiff argues that she is entitled to summary judgment on Count IV because it is undisputed that she served for more than 30 days before returning to work and was demoted less than 180 days after her reemployment. ECF No. [71] at 16-18. Plaintiff argues that she was demoted in November 2018 when Palacio removed her from the Aviation and Marine responsibilities she had been given in January 2018. *Id*. at 17. Defendant responds that Plaintiff has not proven that she was demoted or suffered any adverse action because of her changed responsibilities. ECF No. [81] at 10.

Section 4316(c)(1) provides "A person who is reemployed by an employer under this chapter shall not be discharged from such employment, except for cause – within one year after the date of such reemployment, if the person's period of service before the reemployment was more than 30 days but less than 181 days." 38 U.S.C. § 4316(c)(1). After the plaintiff makes a *prima facie* showing, the burden shifts to the Defendant to "prove that the employee's job would have been eliminated or that he or she would have been laid off" for "other legitimate nondiscriminatory reasons." 20 C.F.R. § 1002.248(b).

---

[5] Although Plaintiff labeled Count IV as a claim under 38 U.S.C. § 4316(b), the controlling substance of Count IV quotes directly from 38 U.S.C. § 4316(c) and the Court therefore considers Plaintiff's USERRA demotion claim generally under 38 U.S.C. § 4316.

Plaintiff contends that a demotion constitutes a discharge in violation of USERRA and cites multiple cases to support that proposition. *See id*. Defendant points out that the cases cited are distinguishable and points to *Paredez v. Pillsbury Co*. as an example where the plaintiff "was demoted to the inferior position of plant laborer, and his rate of pay reduced from $2.86 per hour to $2.61 per hour." *Paredez*, 259 F. Supp. 493, 495 (C.D. Cal. 1966). The Court notes that the other cases cited by Plaintiff similarly involve either a title or compensation change. *See Hanson v. Cnty. of Kitsap*, 21 F. Supp. 3d 1124, 1142 (W.D. Wash. 2014) ("Plaintiff argues Defendants failure to give him investigative work (and the extra pay associated with that work) constituted being 'demoted'"); *Serricchio v. Wachovia Sec. LLC,* 658 F.3d 169, 183 (2d Cir. 2011) ("It is undisputed that the compensation package offered by [defendant] upon [plaintiff's] return from active duty—a $2000 per month standard draw to be offset by commissions (paid at his preservice rate) … would have provided [plaintiff] significantly less than the approximately $6500 per month that he earned in commissions prior to his activation.") In *Serricchio*, the Second Circuit explained that "the plain language of USERRA makes clear that status must be assessed with regard to factors beyond mere title or 'rank'—employers must also assess the 'employee's opportunities for advancement, working conditions, job location, shift assignment ... responsibility, and geographical location.'" *Id*. (quoting 20 C.F.R. § 1002.194).

Plaintiff replies that her Aviation and Marine responsibilities were tied to her pay and those responsibilities were taken away. ECF No. [85] at 4. However, it is undisputed that Plaintiff's title and salary remained the same when her responsibilities changed in November of 2018. *See* ECF Nos. [73] at ¶ 53, [80] at ¶ 53. There is no evidence that Plaintiff was actually denied an employment opportunity based on her change in responsibilities. Because there is no evidence that her opportunities for advancement changed, the Court denies Plaintiff's Motion as to Count IV.

### G. Defendant's Motion as to Count IV – Demotion Pursuant to § 4316[6]

In its own Motion, Defendant argues that the Court should grant summary judgment in its favor as to Count IV because Plaintiff failed to establish that she was ever demoted or entitled to spot bonuses or additional compensation. ECF No. [72] at 8. Defendant argues that the change in some of Plaintiff's responsibilities, but not her title or salary, was not an ultimate or substantial employment decision or adverse employment action. *Id*. at 8-9. Plaintiff's Response only indicates that she incorporates Plaintiff's Motion as a response to Defendant's Motion regarding her § 4316 demotion claim. ECF No. [79] at 20.

As to Defendant's Motion, the Court considers the same record evidence: whether Plaintiff's title changed, her salary changed, or she was denied an employment opportunity for which she applied. Viewing the evidence in the light most favorable to Plaintiff as the non-moving party, the Defendant has established, as a matter of law, that Plaintiff was not demoted and, thus, not discharged in violation of § 4316 of USERRA.

Accordingly, the Court grants summary judgment in favor of Defendant as to Count IV.

### H. Defendant's Motion as to Count V – Liquidated Damages Pursuant to § 4323

Neither party specifically addresses Count V, and both treat it as another claim for discrimination and retaliation since it largely centers on whether Defendant discriminated or retaliated against Plaintiff willfully. The Court denied summary judgment as to Counts I-III because issues of material fact exist regarding Plaintiff's delayed promotion in 2016, non-promotion in 2018 and her denied wage increase in 2019. Because those disputed facts are also material to Count V, the Court denies summary judgment.

---

[6] Although Plaintiff labeled Count IV as a claim under 38 U.S.C. § 4316(b), the controlling substance of Count IV quotes directly from 38 U.S.C. § 4316(c) and the Court therefore considers Plaintiff's USERRA demotion claim generally under 38 U.S.C. § 4316.

**I. Defendant's Motion as to Count VI – Contributions to Pension/Retirement Plan Pursuant to § 4318**

In her Response to Defendant's Motion, Plaintiff withdrew her claim under 38 U.S.C. § 4318. ECF No. [79] at 7 n. 7. The Court therefore considers Count VI withdrawn, and Defendant's Motion is granted as to Count VI.

**J. Defendant's Motion as to Count VII – Defendant's Policy Limited Rights Pursuant to § 4302**

Defendant argues that Plaintiff lacks standing to bring a claim under 38 U.S.C. § 4302 because she has not alleged an agreement regarding Defendant's military leave notification policy and has not suffered any damages resulting from Defendants' military leave notification policy. ECF No. [72] at 15. Plaintiff argues that the Court should deny summary judgment on this claim because "the Court has the power to enjoin Defendant from imposing similar requirements on other reservists in the future." ECF No. [79] at 20. Plaintiff does not refute Defendant's position that she lacks standing to bring a claim under 38 U.S.C. § 4302.

Section 4302 provides:

> (a) Nothing in this chapter shall supersede, nullify or diminish any Federal or State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that establishes a right or benefit that is more beneficial to, or is in addition to, a right or benefit provided for such person in this chapter.
> (b) This chapter supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit.

38 U.S.C. § 4302

"USERRA's non-waiver provision should not be read to automatically invalidate an entire agreement with USERRA-offending terms. Instead, the plain language of § 4302(b) contemplates

modification of an agreement by replacing USERRA-offending terms with those set forth by USERRA." *Bodine v. Cook's Pest Control Inc.*, 830 F.3d 1320, 1327 (11th Cir. 2016).

In support of its position, Defendant cites *Dees* v. *Hyundai Motor Mfg. Alabama, LLC,* in which the Eleventh Circuit found that the plaintiff lacked standing to bring a claim for harassment or hostile work environment under USERRA because he "admits that he has not suffered any lost wages or employment benefits resulting from the alleged harassment" and an injunction would not benefit him as he is no longer employed by the defendant. *Dees v. Hyundai Motor Mfg. Alabama, LLC*, 368 Fed. Appx. 49, 53 (11th Cir. 2010). Defendant analogizes the situation here where Plaintiff "was never denied military leave with pay continuation for failing to provide a copy of her military orders, that it was her personal feeling that the policy was a disruption to her, and that she voluntarily resigned are insufficient to establish constitutional standing." ECF No. [72] at 15.

The Court agrees with Defendant. Standing "requires the plaintiff to demonstrate injury in fact, causation, and redressability." *Elend v. Basham*, 471 F.3d 1199, 1205 (11th Cir. 2006). 38 U.S.C. § 4323 provides that "[a]n action under this chapter may be initiated only by a person claiming rights or benefits under this chapter under subsection (a) or by the United States under subsection (a)(1). 38 U.S.C. § 4323(f). Here, Plaintiff has not demonstrated any injury due to Defendant's policy of requiring employees to submit a copy of their military service orders before taking a military leave and is no longer employed by Defendant, so lacks standing to seek injunctive relief. Because standing is a "threshold jurisdictional question of whether a court may consider the merits of a dispute," *id*. at 1204, the Court finds that because Plaintiff lacks standing to bring Count VII. Defendant's Motion is granted as to Count VII.

## V.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

Case No. 20-cv-21203-BLOOM/Goodman

     1.       Plaintiff's Motion, **ECF No. [71]**, is **DENIED**.

     2.       Defendant's Motion, **ECF No. [72]**, is **GRANTED IN PART AND DENIED IN PART** in accordance with this Order.

     3.       Plaintiff's claims under Counts I-III and V shall proceed against Defendant.

     **DONE AND ORDERED** in Chambers at Miami, Florida, on December 9, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record