UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-21203-BLOOM/Goodman

MARIA MCSWAIN,

     Plaintiff,

v.

WORLD FUEL SERVICES
CORPORATION,

     Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIM AND FOR FEES AND COSTS

**THIS CAUSE** is before the Court upon Plaintiff Maria McSwain's Motion for Summary Judgment on Defendant's Counterclaim and Fees and Costs ("Motion"), ECF No. [70]. The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

### I.    BACKGROUND

Plaintiff filed her Complaint alleging violations of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4335 ("USERRA"). Plaintiff alleges that Defendant discriminated, harassed, and retaliated against her because of her military status, military leave, and complaints of discrimination. Plaintiff's allegations are based on a purported delay of a promotion in 2016, a failure to promote in October 2018, a demotion on November 16, 2018, and other purported adverse employment actions.

On October 9, 2020, Defendant filed a Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaim ("Motion for Leave to add Counterclaim"). ECF No. [23].

Specifically, Defendant sought leave to add a counterclaim with four causes of action: Count I – Unjust Enrichment; Count II – Quantum Meruit; Count III – Negligent Misrepresentation; and Count IV- Fraud in the Inducement. *Id*. at ¶ 4. On October 23, 2020, Plaintiff filed its Response to Defendant's Motion for Leave to add Counterclaim, ECF No. [29], a Motion to Amend Complaint, ECF No. [30], and a Motion for Summary Judgment, ECF No. [31]. The Court thereafter entered an Order granting Plaintiff's Motion to Amend Complaint, ECF No. [46], and Plaintiff's Motion for Summary Judgment and Defendant's Motion for Leave to add Counterclaim were denied as moot. *See* ECF Nos. [47], [48].

On November 30, 2020, Plaintiff filed an Amended Complaint in which she alleges seven counts of USERRA violations. *See* ECF No. [50]. Among other claims, in Count III, Plaintiff alleged that Defendant violated 38 U.S.C. § 4311(b) of USERRA by retaliating against Plaintiff by filing a baseless Counterclaim in this action. *Id*. at ¶ 103. In its Answer, Defendant included a Counterclaim ("Counterclaim") asserting two causes of action: Count I – Unjust Enrichment and Count II- Quantum Meruit. Those causes of actions were premised upon Defendant's payment of employee benefits to Plaintiff while on military leave. See ECF No. [51] at 18-24

On December 11, 2020, Plaintiff filed a Motion to Dismiss[1] in which she sought dismissal of Defendant's Counterclaim. ECF No. [53]. Plaintiff thereafter filed the instant Motion in which she seeks summary judgment on Defendant's Counterclaim and fees and costs pursuant to § 768.295 Florida Statutes ("Anti-SLAPP Statute"). Plaintiff contends that Defendant's Counterclaim is baseless and a clear attempt to dissuade Plaintiff from pursuing redress before this Court. ECF No. [70] at 1. Plaintiff contends (1) Defendant failed to produce any evidence to support its Counterclaim and it is without merit; (2) Florida's Anti-SLAPP statute prohibits the

---

[1] Given the posture of this case, the Court considers Plaintiff's Motion for Summary Judgment and upon issuance of this Order, denies Plaintiff's Motion to Dismiss as moot.

Counterclaim; and (3) the Counterclaim is preempted by USERRA. *See generally id*. Defendant responds that the record evidence proves that its Counterclaim is neither without merit nor brought because Plaintiff filed her lawsuit and therefore the Motion must be denied. ECF No. [77].

## II.    MATERIAL FACTS

Based on the parties' respective statements of material facts in support of and in opposition to Plaintiff's Motion, the following facts are not genuinely in dispute, unless otherwise noted.

### A.  Plaintiff's Job

Plaintiff began working for Defendant on March 23, 2015. ECF No. [74] at ¶ 1. Plaintiff simultaneously served as Master Sergeant in the United States Air Force Reserves. *Id*. at ¶ 2. Defendant provided Plaintiff with salary and benefits when she was on military leave. *Id*. at ¶ 3.

### B.  2020 Military Leave and Resignation

On April 5, 2020, Plaintiff was called to active duty. *Id*. at ¶ 13. Upon commencement of her military leave, Plaintiff informed her supervisor that she intended to return to work. ECF No. [78] at ¶ 28. While on military leave, Plaintiff was paid her full salary and benefits in accordance with Defendant's military leave policy. *Id*. at ¶ 29. On June 24, 2020, Plaintiff informed Defendant that her military orders would be extended and reiterated her intent to return to work upon the completion of her active duty. *Id*. at ¶ 30. In July of 2020 Plaintiff applied for alternative employment with at least three other employers. *Id*. at ¶¶ 31-33. Plaintiff interviewed with employer PPD, Inc. received an offer letter, and accepted employment on August 1, 2020. *Id*. at ¶¶ 34-36. On August 31, 2020, the date Plaintiff's military orders ended, Plaintiff emailed Defendant to advise them that she was resigning effective immediately. *Id*. at ¶ 38; ECF No. [74] at ¶ 16. That same day, Plaintiff began working at PPD, Inc. ECF No. [78] at ¶ 38.

## III.   LEGAL STANDARD

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a

reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

## IV.   DISCUSSION

Plaintiff seeks summary judgment on Defendant's Counterclaim and requests an award of attorneys' fees pursuant to Florida's Anti-SLAPP Statute. Plaintiff contends (1) Defendant failed to produce any evidence to support the Counterclaim; (2) Florida's Anti-SLAPP statute prohibits the Counterclaim; and (3) the Counterclaim is preempted by USERRA. *See generally* ECF No. [70]. Plaintiff also requests reasonable attorney's fees under the anti-SLAPP statute as a prevailing party. *Id*. Defendant responds that Plaintiff's Motion should be dismissed as untimely, that it has stated a claim and properly alleged each element, and that the record evidence supports its Counterclaim which was not brought because Plaintiff filed her lawsuit. ECF No. [77].

### A.  Timeliness of Motion

Defendant contends that the Court should deny the Motion because Plaintiff failed to comply with the Court's Scheduling Order and the Local Rules. ECF No. [77] at 2. Plaintiff concedes that her Motion was not accompanied by a separate statement of facts as required by the local rules. ECF No. [84] at 1. Plaintiff states that, in error, she included the statement of facts in the body of the Motion, but expeditiously corrected the error. *Id*.

The Motion was filed on January 12, 2021, prior to the dispositive motion deadline. *See* ECF No. [70]. Plaintiff failed to timely comply with Local Rule 56.1(a)(1), and the statement of material facts in support of her motion was filed 9 days later, *see* ECF No. [74]. However, the Courts finds no prejudice and because both were already filed when this Court was assigned the case and began its analysis of the Motion, the Court exercises its discretion and considers both.

**B.  The Merits of the Counterclaim**

In her Motion for Summary Judgment, Plaintiff contends that Defendant's Counterclaim is without merit. *See* ECF No. [70]. Defendant responds that the record evidence supports its Counterclaim which properly alleges each element of its claim for unjust enrichment and quantum meruit. *See* ECF No. [77].

### i.  Applicable Law

"Florida law prescribes four elements for quantum meruit and unjust enrichment claims. First, the plaintiff must have conferred a benefit on the defendant. Second, the defendant must have knowledge of the benefit. Third, the defendant must have accepted or retained the benefit conferred. Fourth, the circumstances must be such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1237 (11th Cir. 2013).

### ii.  Arguments

Plaintiff argues that Defendant's Counterclaim lacks merit and that Defendant failed to carry its burden of providing any evidence to support its claims for unjust enrichment or quantum meruit. ECF No. [70] at 6-7. She contends that Defendant failed to produce any statute, contract, policy, or existing practice that would require a former employee to repay benefits that his or her employer voluntarily paid during the employment relationship. *Id*. at 7-8.

Defendant responds that its Counterclaim is not without merit. It contends it is based on the fact that it paid Plaintiff's full salary and benefits while she was on military leave after Plaintiff made representations that she fully intended to return to work. However, Plaintiff resigned upon completion of active duty. ECF No. [77] at 4. Defendant points to Plaintiff's testimony and discovery responses to demonstrate that Plaintiff went on military leave, made written statements representing her intent to return to work for Defendant after her active duty, received her fully

salary and benefits while on military leave, and before and during that period actively sought and obtained alternative employment. *Id*. at 4-5. Defendant notes that it was not under a legal obligation to pay Plaintiff during her time away from work. *Id*. at 5.

### iii.    Analysis

Defendant has provided uncontested evidence in support of the first three elements for its claims of quantum meruit and unjust enrichment. Defendant conferred the benefits of paid military leave on Plaintiff. Plaintiff both knew of the benefits conferred. Plaintiff accepted and retained the salary and benefits provided to her. However, the record evidence does not support that, under the circumstances, it would be inequitable for Plaintiff to retain the benefit conferred on her. The undisputed evidence reveals that Defendant paid Plaintiff's salary and provided her benefits while she was on military leave in accordance with its *own* policies. Defendant's military leave policy provides in relevant part that "[e]mployees who are called for active, full-time military duty will be granted Military Leave and will receive pay continuation for a period not to exceed six (6) months." ECF No. [73-18] at 16.

This case is distinguishable from cases where a counterclaimant alleges that they mistakenly paid an employee her wages they did not intend to and sues the employee for unjust enrichment.[2] here Defendant states that it paid Plaintiff in accordance with its own military leave policy. *See* ECF No. [78] at ¶ 29. Although Defendant contends that it paid Plaintiff for military leave after receiving assurances that she intended to return, there is no record evidence that Defendant's policy to pay employees on active military leave is *contingent* on the employee's

---

[2] In *Gannon v. Nat'l R.R. Passenger Corp.*, 422 F. Supp. 2d 504 (E.D. Pa. 2006), the court considered an employer's counterclaim for unjust enrichment where the employer inadvertently paid its employee over $34,000 while he was away on military leave. However, there the company's policy was that an employee would be "placed on a leave-of-absence without pay until the employee returns." *Id*. Under those circumstances, the court granted summary judgment in favor of the employer, finding "no genuine issue of material fact that plaintiff has retained the benefit of the monies to which his is not entitled." *Id*. at 514.

promise to return after serving active duty. *See* ECF No. [51]. Defendant's contention that it is entitled to reimbursement because it exceeded its obligations under USERRA, is equally unavailing as 20 C.F.R. § 1002.7 (c) expressly states that "USERRA does not supersede, nullify or diminish any Federal or State law (including any local law or ordinance), contract, agreement, *policy*, plan, practice, or other matter that establishes an employment right or benefit that is more beneficial than, or in in addition to, a right or benefit provided under the Act." (emphasis supplied). Moreover, Defendant's claim for unjust enrichment or quantum meruit is not supported in equity as a party cannot rely on a future promise as a basis for alleging fraud. Here, Defendant premises its claim on the fact that Defendant was fraudulently induced to pay Plaintiff's military leave benefits by her promise to return.[3] *See Cavic v. Grand Bahama Dev. Co., Ltd.*, 701 F.2d 879, 883 (11th Cir. 1983) ("a promise of future action or a prediction of future events cannot, standing alone, be a basis for fraud because it is not a representation, there is no right to rely on it, and it is not false when made."). The undisputed record evidence demonstrates that Plaintiff emailed her supervisor indicating her intent to return to Defendant upon the completion of her active duty period on April 5, 2020, and reiterated her intent to return in a subsequent email on June 24, 2020. ECF No. [74] at ¶¶ 28, 30. Plaintiff did not accept an offer of employment from another employer until August 1, 2020. *Id*. at ¶ 36.

Defendant has not provided the Court with any facts or authority that suggest that it has satisfied the fourth prong of a claim for unjust enrichment or quantum meruit because it knowingly paid Plaintiff for military leave due to its *own* policy and the undisputed facts demonstrate that Plaintiff was on military leave when being conferred the benefit of paid military leave.

---

[3] In Defendant's Motion for Leave to Add a Counterclaim, Defendant attached its proposed Counterclaim which included a claim that it was fraudulently induced to pay Plaintiff's salary during her military leave when it relied on her statement of intent to return, but the claim for fraud was omitted from the Counterclaim it ultimately filed. *See* ECF Nos. [23-1] at ¶¶ 49-54, [51].

Accordingly, the Court finds that the undisputed facts establish that summary judgment is appropriate.

## C. Anti-SLAPP Statute

The Court now considers Plaintiff's argument that Defendant's Counterclaim violates Florida's Anti-SLAPP statute as Plaintiff contends she is entitled to attorneys' fees if meritorious on that claim.

Plaintiff argues that Florida's Anti-SLAPP statute prohibits a party from filing a counterclaim that is without merit when it is filed primarily because the opposing party engaged in the exercise of a right protected by the First Amendment. ECF No. [70] at 9. Defendant responds that Plaintiff failed to meet her burden of demonstrating that Florida's Anti-SLAPP statute applies because she cannot show that free speech in connection with a public issue is in question nor any of the other grounds for invoking the statute apply. ECF No. [77] at 3.

### i.    Applicable Law

Florida's Anti-SLAPP Statute provides:

> A person or governmental entity in this state may not file or cause to be filed, through its employees or agents, any lawsuit, cause of action, claim, cross-claim, or counterclaim against another person or entity without merit and primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue, or right to peacefully assemble, to instruct representatives of government, or to petition for redress of grievances before the various governmental entities of this state, as protected by the First Amendment to the United States Constitution and s. 5, Art. I of the State Constitution.

Fla. Stat § 768.295(3).

"The SLAPP defendant has the initial burden of presenting a prima facie case that the Anti-SLAPP statute applies. The burden then shifts to the plaintiff to demonstrate that the claims are not primarily based on First Amendment rights … and not without merit." *Wentz v. Project Veritas*, 617CV1164ORL18GJK, 2019 WL 910099 (M.D. Fla. Feb. 22, 2019), *aff'd sub nom. Wentz v.*

*Veritas*, 617CV1164ORL18GJK, 2019 WL 11504451 (M.D. Fla. Apr. 29, 2019) (internal quotation marks and citations omitted).[4]

### ii.    Arguments

As it has already been determined that that the undisputed facts establish that summary judgment is appropriate on Defendant's Counterclaim, the Court turns to whether Defendant brought its Counterclaim primarily because Plaintiff exercised her protected right of free speech. Plaintiff contends that the filing of her lawsuit is a well-recognized aspect of the First Amendment right to petition the government for a redress of grievances. ECF No. [70] at 9. Plaintiff explains that another employee of Defendant was paid and provided benefits by Defendant while on military leave. *Id.* That other employee similarly left Defendant's employment for a new job at the end of her active duty and did not return to Defendant. *Id*. Plaintiff now reasons that because Defendant did not sue that employee for unjust enrichment or quantum meruit, yet is suing her, it is "a thinly veiled attempt to intimidate, punish and bully [Plaintiff] for exercising her USERRA rights." *Id*.

Defendant responds that it did not bring the Counterclaim because Plaintiff exercised a first amendment right, but because the record evidence supports the elements of Defendant's claims. ECF No. [77] at 4. Defendant contends that Plaintiff has not provided a single Florida Anti-SLAPP case analyzing a protected activity in the context of a petition for redress of grievances and has failed to demonstrate that the Anti-SLAPP statute applies in this case. *Id*. at 6.

---

[4] The Anti-SLAPP statute also provides that "the court shall set a hearing on the motion." Fla. Stat § 768.295(4). A court in this district has specifically declined to set a hearing on the summary judgment motion, finding that "the stated purpose of the SLAPP Statute – the 'expeditious resolution' of certain defamation claims, - would not be furthered by holding a hearing" and denied the defendants' SLAPP motion as moot where it granted defendants' motion for summary judgment and dismissed the case. *Berisha v. Lawson*, 378 F. Supp. 3d 1145, 1157 n. 8 (S.D. Fla. 2018), *aff'd*, 973 F.3d 1304 (11th Cir. 2020).

Plaintiff replies that filing a lawsuit is protected activity under the First Amendment. ECF No. [84] at 2. She cites an Eleventh Circuit decision upholding a district court's application of Florida's Anti-SLAPP statute in federal court and awarding fees based on the plain language of the statute. *Id.* at 4 (citing *Parekh v. CBS Corp.*, 820 Fed. Appx. 827, 836 (11th Cir. 2020)). Tellingly*, Parekh* dealt with free speech in connection with a public issue whereas Plaintiff's Anti-SLAPP argument is brought under the contention that she is petitioning for redress of her grievances. *See Parekh*, at 836.

    **iii.**    **Analysis**

Florida's Anti-SLAPP statute includes different, disjunctive theories under which a party moving to enforce the Anti-SLAPP statute can demonstrate that the opposing party is proceeding primarily to infringe on the moving party's constitutional rights. A party can show that it "exercised the constitutional right of free speech in connection with a public issue, *or* right to peacefully assemble, to instruct representatives of government, *or* to petition for redress of grievances before the various constitutional entities of the state." Fla. Stat § 768.295(3) (emphasis added). In Plaintiff's Reply, she specified that Defendant brought its counterclaim primarily because she filed her lawsuit. ECF No. [84] at 3. Therefore, the pivotal question here is whether Plaintiff has met her initial burden of showing that Florida's Anti-SLAPP statute applies where Defendant filed its Counterclaim primarily because she petitioned for redress of her grievances before a federal court.

As Defendant correctly notes, Plaintiff provided no supporting authority analyzing a protected activity in the context of a petition for redress of grievances under Florida's Anti-SLAPP statute. ECF No. [77] at 6. The plain language of the statute affords protection to a party who petitions for redress of grievances "before the various governmental entities *of this state … .*" *See* Fla. Stat § 768.295(3) (emphasis added). "Governmental entity" is defined in the Anti-SLAPP

statute as "the state, including the executive, legislative, and the judicial branches of government and the independent establishments of the state, counties, municipalities, corporations primarily acting as instrumentalities of the state, counties, or municipalities, districts, authorities, boards, commissions, or any agencies thereof." Fla. Stat § 768.295(2)(b). The plain language of the statute makes clear that a federal district court sitting in the state of Florida is not a governmental entity of the State of Florida.

Because the initial burden of presenting a *prima facie* case lies with the party claiming an Anti-SLAPP violation and Plaintiff has not provided the Court with any argument or authority to support a reading of the statute to include where a party seeks redress of grievances before a federal district court, she has not met her burden. Plaintiff has not demonstrated that Defendant filed its Counterclaim primarily because she engaged in free speech in a petition for redress of grievances before a governmental entity of the State of Florida. Accordingly, the Court finds that Plaintiff is not entitled to attorneys' fees under Florida's Anti-SLAPP statute.

**V.    CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Summary Judgment, **ECF No. [70]**, is **GRANTED in part and denied in part**.

    a. Plaintiff's request for Summary Judgment on Defendant's Counterclaim is **GRANTED**.

    b. Plaintiff's request for Attorneys' Fees under Florida's Anti-SLAPP statute is **DENIED**.

2. Plaintiff's Motion to Dismiss, **ECF No. [53]**, is **DENIED as Moot**.

Case No. 20-cv-21203-BLOOM/Goodman

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 14, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record